UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HOMESITE INS. CO. OF THE MIDWEST,** | : | |
| | : | Civil No. 1:22-CV-1664 |
| Plaintiff | : | |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| **NIVERTITI GEAITH, et al.,** | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM ORDER

### I.      Statement of Facts and of the Case.

This case is a declaratory judgment action brought by an insurance company. (Doc. 1). The plaintiff moved for service of its complaint by publication, (Docs. 5 and 6), a motion which we granted. (Doc. 7). The defendants have now filed a motion to strike the previously granted motion for service by publication. (Doc. 13). For the reasons set forth below, we will deny this motion without prejudice to the defendants raising any service of process issues through a proper motion pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

### II.     Discussion

Rule 12(f) of the Federal Rules of Civil Procedure governs motions to strike pleadings and provides, in part, that:

(f) Motion to Strike. The court may strike from a pleading an

insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

F. R.Civ. P., Rule 12(f).

While rulings on motions to strike rest in the sound discretion of the court, Von Bulow v. Von Bulow, 657 F.Supp. 1134, 1146 (S.D.N.Y. 1987), that discretion is guided by certain basic principles. Because striking a pleading is viewed as a drastic remedy, such motions are "generally disfavored." Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057 (C.A.La., 1982). As one court has aptly observed: "striking a party's pleadings is an extreme measure, and, as a result, . . . '[m]otions to strike under Fed.R.Civ.P. 12(f) are viewed with disfavor and are infrequently granted.' Lunsford v. United States, 570 F.2d 221, 229 (8th Cir.1977) (citing 5 Wright & Miller, Federal Practice and Procedure. Civil § 1380 at 783 (1969)). See also, Resolution Trust Corp. v. Gibson, 829 F.Supp. 1103, 1106 (W.D.Mo.1993); 2 James Wm. Moore et al., Moore's Federal Practice § 12.37[1] (3d ed. 2000)." Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000). In practice, courts should exercise this discretion and strike pleadings only when those pleadings are both "redundant, immaterial, impertinent, or scandalous" and prejudicial to the opposing party. Ruby v. Davis Foods, Inc., 269 F.3d 818, 820 (7th Cir. 2001).

In this case, in the exercise of our discretion, we will deny this motion to

strike. Recognizing that "[m]otions to strike under Fed.R.Civ.P. 12(f) are viewed with disfavor and are infrequently granted," <u>Lunsford v. United States</u>, 570 F.2d 221, 229 (8th Cir.1977), we find that it has not been shown that the plaintiff's motion for service by publication was both "redundant, immaterial, impertinent, or scandalous" and unfairly prejudicial. <u>Ruby v. Davis Foods, Inc.</u>, 269 F.3d 818, 820 (7th Cir. 2001). Therefore, in the exercise of our discretion, <u>Von Bulow v. Von Bulow</u>, 657 F.Supp. 1134, 1146 (S.D.N.Y. 1987), we will DENY this motion to strike (Doc. 13) without prejudice to the defendants raising any service of process issues through a proper motion pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

So ordered this 30th day of January 2023.

<u>S/Martin C. Carlson</u>
Martin C. Carlson
United States Magistrate Judge

3