**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HOMESITE INSURANCE COMPANY OF THE MIDWEST <br><br> Plaintiff <br><br> v. <br><br> NIVERTITI GEAITH and OMAR EWIDEH <br><br> Defendants | Civil Action No. 1:22-CV-01664 <br><br> (Magistrate Judge Martin C. Carlson) |

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND LEAVE TO PROCEED IN PSEUDONYM

Plaintiff, Homesite Insurance Company of the Midwest, by and through its counsel, Cipriani & Werner, PC, hereby files its response[1] to Defendants' Motion for Protective Order and Leave to Proceed In Pseudonym  and, in support thereof, respectfully asserts the following:

<u>Procedural History</u>

This matter reflects Plaintiff  Homesite Insurance Company of the Midwest's request for declaratory relief in regard to two claims submitted by Defendants pursuant to a homeowners' policy of insurance. The Complaint identifies the Defendants as the two insureds on the relevant policy of insurance, and the two individuals who submitted the claims at issue. Defendants now seek to proceed anonymously and seal the record. Although, Defendants' motion is titled as one for a protective order, Plaintiff assumes Defendants seek only to proceed anonymously and seal

---

[1] Defendants' Motion lacks numbered paragraphs to which Plaintiff could readily respond and, instead, reads similar to a memorandum. Consequently, Plaintiff is submitting its response in opposition in a similar memorandum format, along with a proposed Order.

the record.[2]   In that regard, Defendants have not, and cannot, sustain their weighty burden. Plaintiff therefore offers this response in opposition.

<u>Relevant Law</u>

The Federal Rules of Civil Procedure demand that the title of the complaint contains the names of all the parties. Fed. R. Civ. P. 10(a); <u>Doe v. Univ. of Scranton</u>, No. 3:19CV1486, 2020 WL 1244368, at *1 (M.D. Pa. Mar. 16, 2020). A party may proceed anonymously only in "exceptional" cases. <u>Doe v. Megless</u>, 654 F.3d 404, 408 (3d Cir. 2011). Exceptional cases are determined by balancing "a plaintiff's interest and fear against the public's strong interest in an open litigation process." <u>Megless</u>, 654 F.3d at 408.

There is a rebuttable presumption in favor of public access. Specifically, in both criminal and civil cases, a common law right of access attaches to judicial proceedings and records, which predates the Constitution. <u>In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.</u>, 924 F.3d 662, 672 (3d Cir. 2019). The right of access "promotes public confidence in the judicial system by enhancing testimonial trustworthiness and the quality of justice dispensed by the court." <u>Id.</u> (quoting <u>Littlejohn v. BIC Corp.</u>, 851 F.2d 673, 678 (3d Cir. 1988)). Public observation facilitated by the right of access "diminishes possibilities for injustice, incompetence, perjury, and fraud." <u>Id.</u> Moreover, "the very openness of the process should provide the public with a more complete understanding of the judicial system and a better perception of its fairness." <u>Id.</u> [3]

---

[2] Although Rule 26(c) permits District Courts to enter a protective order to shield a party "from annoyance, embarrassment, oppression, or undue burden or expense," Fed. R. Civ. P. 26(c)(1), the Third Circuit has held that Rule 26 is not the appropriate standard to apply to judicial filings. <u>See</u> <u>In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.</u>, 924 F.3d 662, 676 (3d Cir. 2019).

[3] While it is acknowledged that <u>In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.</u>, addressed a request to seal a record, the considerations applied by the Court are substantially similar. Further, in this instance Defendants include a vague request to seal.

2

Further, the common law presumes the public has a right to access materials that have been "filed with the court or ... integrated into a district court's adjudicatory proceedings." Id. (quoting In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001)). As such, there is a rebuttable presumption against anonymity with "[t]he universal interest in favor of open judicial proceedings" serving as a "thumb on the scale" against anonymity. Megless, 654 F.3d at 411.

Given the rebuttable presumption in favor of open court proceedings and against anonymity, the potential for mere "embarrassment or economic harm" is not enough to justify anonymity. Id. Instead, the party seeking to litigate under a pseudonym must demonstrate a "reasonable fear of severe harm." Id. Even then, the Court must balance the litigant's interest and fear against the public's strong interest in an open litigation process. Id. Anonymity is only appropriate if the former outweighs the latter. Id. at 409.

Courts in the Third Circuit consider a non-exhaustive nine (9) factor list when conducting this balancing test. See Meglass. Factors that favor anonymity include:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

Id. On the other hand, the following three factors weigh against anonymity:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3)

> whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

Id.

## Application to Facts

Defendants have offered no analysis under the Third Circuit's test set forth in Megless to support their request. Defendants' motion arguably addresses only the second factor but, even here, their basis for anonymity is insufficient. Specifically, Defendants claim that without anonymity, they will experience significant financial harm in that the allegations in the Complaint may "sway other insurers to not issue [Defendants] a policy". Defendants also claim that, without anonymity, some undescribed harm would befall Defendant Ewideh in connection with his academic pursuits at Penn State University and desire to apply to law school in the future as he is presently a junior. These averments are nothing more than "broad, vague, and conclusory allegations of harm" which are "insufficient to overcome the presumption of public access." See In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig., 924 F.3d at 678; see also, Megless, 654 F.3d at 408 (explaining that the "use of a pseudonym 'runs afoul of the public's common law right of access to judicial proceedings'"). The Third Circuit has held that potential embarrassment is not enough to justify anonymity. Doe v. Coll. of New Jersey, 997 F.3d 489, 496 n.6 (3d Cir. 2021) (quoting Megless, 654 F.3d at 408). "Indeed, it is the rare civil lawsuit in which a defendant is not accused of behavior of which others may disapprove." Strike 3 Holdings, LLC v. Doe, No. CV 21-5178, 2022 WL 2276352, at *2 (E.D. Pa. June 22, 2022) (internal quotations and citations omitted). To the extent Defendants believe they are experiencing reputational harm because of the allegations made in the Complaint, this forum is the opportunity for Defendants to vindicate themselves. See Megless, 654 F.3d at 410. Further, alleged financial concerns are also insufficient to justify anonymity under the law. Id. at 411. Accordingly, Defendants speculative and

fantastical justifications for anonymity fail to satisfy the standards established in this Commonwealth to overcome a rebuttable presumption against anonymity.

Defendants also claim that they are of a "very religious family background" and disclosure of the fact that Defendant Ewideh "is of a certain sexuality" "would pose a safety risk".[4] While "courts have allowed pseudonyms [in] cases involving 'abortion, birth control, transexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality[,]'" Megless, 654 F.3d 404, 408 (3d Cir. 2011), this case involves none of those topics. Instead, this lawsuit is a garden-variety declaratory judgment action involving an insurer and its insureds to resolve a coverage dispute; it is not a discrimination claim. Cf. Doe v. Univ. of Scranton, No. 3:19CV1486, 2020 WL 1244368, at *2 (M.D. Pa. Mar. 16, 2020). Nowhere in the Complaint does Plaintiff make any reference at all to the "sexuality" or "religious background" of any of the litigants, nor is the "sexuality" or "religious background" of any of the litigants relevant to this insurance coverage dispute. Indeed, the only party to introduce sexuality and religion into this coverage dispute is Defendant Ewideh. Because this case presents nothing more than a declaratory judgment action seeking to resolve an insurance coverage dispute, the "sexuality" and "religious background" of the parties is irrelevant, is not expected to be mentioned in any filing or discovery related to this matter, and certainly does not compel any of the parties to proceed under pseudonyms. This is particularly true, where, as here, the Defendants are the only parties referencing such issues, and therefore including it in a public record.

---

[4] Defendants also claim, without support or specifics, that Plaintiff's Large Loss Property Manager called Defendant Ewideh "a homophobic slur" "on occasion". This unsupported and nonspecific allegation, which is vehemently denied, is immaterial to the issues presented in Defendants' Motion or this case which seeks only declaratory judgment regarding coverage afforded under a policy of insurance issued to Defendants in light of the facts and circumstances surrounding the casualty loss claimed.

While Defendants do not address the remaining factors considered by Courts in this Circuit when considering a motion for anonymity, none of them support anonymity. The first factor does not support anonymity because Defendants have already been identified in the Complaint, consistent with Federal Rule 10(a), and have filed two (2) motions under their actual names. See DOC Nos. 9 and 13. Additionally, upon information, knowledge and belief, Defendants have posted about this coverage dispute on social media platforms and submitted a claim to the Pennsylvania Insurance Department in their actual names. See Twitter Posts, true and correct copies of which are attached hereto as Exhibit "A". The Defendants also do not offer any facts in support of the third factor and, there is no rational basis to support a conclusion that there is a public interest in maintaining the confidentiality of the litigant's identity. Further, there is simply no reason to believe an insured would hesitate to dispute homeowners' insurance coverage with an insurer without anonymity.  The fourth factor also does not favor anonymity as this coverage dispute is a fact-intensive inquiry regarding the claims submitted, the adjusting of those claims, conduct of the Defendants, and coverage (or lack thereof) under the operant insurance policy. Similarly, the fifth factor does not compel anonymity as there is no reason to believe Defendants will not participate in this case merely because they are not granted anonymity. To the contrary, Defendant Ewideh has been threatening legal action for several months which suggests that Defendants have no intention of abandoning their position in regard to this coverage dispute.  Such threatened future litigation against Plaintiff, compounded with their social media postings, and their Complaints to the Pennsylvania Insurance Department, belies any claim that they have a legitimate interest in anonymity. Instead, Defendants' opposition in this matter, contrary to all of their other actions, is merely an effort to obstruct the determination of the legal issue presented regarding the extent of coverage afforded under the policy. In any event, the Third Circuit has held a litigant's "stubborn refusal to litigate openly by

itself cannot outweigh the public's interest in open trials." <u>Doe v. Megless</u>, 654 F.3d 404, 410–11 (3d Cir. 2011). Finally, the sixth factor does not compel anonymity and, to the contrary, and actually militates against anonymity. Here, Plaintiff believes, and therefore avers, Defendants seek to proceed in anonymity because they are attempting to distance themselves from any responsibility for their conduct as alleged and described in the Complaint.

In short, Defendants have failed to overcome their burden of establishing that e pending matter constitutes an "exceptional case" as would justify overcoming the rebuttable presumption in favor of Federal Rule 10(a). What little basis for proceeding anonymously Defendants have presented is entirely unspecific and speculative, and falls far short of overcoming the strong presumption disfavoring anonymity. As such, it is respectfully requested that Defendants' Motion be denied.

Respectfully submitted,

**CIPRIANI & WERNER, P.C.**

BY:    <u>/s/ James J. Walsh</u>
       JAMES J. WALSH, ESQUIRE
       PA Bar I.D. No.: 310107
       SUZANNE R. FISHER, ESQUIRE
       PA Bar I.D. No.: 70526
       450 Sentry Parkway, Suite 200
       Blue Bell, PA  19422
       (610) 567-0700
       (610) 567-0712 (FAX)
       Counsel for Plaintiff