## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HOMESITE INS. CO. OF THE MIDWEST,** | : | **Civil No. 1:22-CV-1664** |
| | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **OMAR EWIDEH, et al.,** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **Defendants** | : | |

## MEMORANDUM   ORDER

### I.      Factual Background

This is a declaratory judgment action brought by an insurance company seeking a determination regarding issues relating to breach of contract and scope of coverage under an insurance policy. (Doc. 1). The defendants, who are representing themselves in this lawsuit, have now filed a pleading, styled as a motion for protective order. (Doc. 15). In this motion, the defendants seek leave of court to proceed anonymously in this litigation, alleging as follows:

> Plaintiff has made accusations that put Defendants in significant financial harm as well as well as the harm to Cross Country Mortgage and Defendants of other Homeowners Insurance Companies becoming privy to this action or Plaintiffs disclosure would sway other insurers to not issue a policy. Homesite Insurance have made statements relevant to this litigation that put Defendant in harm as to being a Penn State University Junior and about to start applying to law schools. Although this lawsuit presents a number of unfounded accusations by it being publicly available it presents a real harm. It is

also alleged that Defendant Ewideh is of a certain sexuality and on occasion was called homophobic slurs by the Large Loss Property Manager Of AFICS/Homesite. By public disclosure and Plaintiffs being allowed to continue with disclosure it would pose a safety risk for Defendant and Defendant comes from a very religious family background. Both Defendants would require to be sealed due to that as well as given that Nivertiti is Defendant Ewideh Mother.

(Id. at 1-2).

Thus, in what is otherwise a garden variety insurance declaratory judgment action, the defendants seek to proceed anonymously based upon vague commercial and reputational concerns, as well as considerations regarding one defendant's sexuality which can be found nowhere in the plaintiff's pleadings and are completely unrelated to the issues in this case.

Recognizing the strong preference in the law for open court proceedings, in the exercise of our discretion, for the reasons set forth below, we will DENY this motion to proceed under a pseudonym.

## II.    <u>Discussion</u>

In considering this request we begin with the observation that as a general matter Rule 10 of the Federal Rules of Civil Procedure provides that: "[t]he title of the complaint must name all the parties...." Fed. R. Civ. P. 10. Rule 10 embodies a principle which is central to our system of justice, a presumption in favor of

transparency. As the United States Court of Appeals for the Third Circuit has aptly noted:

> "[O]ne of the essential qualities of a Court of Justice [is] that its proceedings should be public." <u>Daubney v. Cooper</u>, 109 Eng. Rep. 438, 441 (K.B. 1829); <u>Nixon v. Warner Cmmc'ns, Inc.</u>, 435 U.S. 589, 598–99, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978). Rule 10(a) requires parties to a lawsuit to identify themselves in their respective pleadings. Fed.R.Civ.P. 10(a); <u>Doe v. Frank</u>, 951 F.2d 320, 322 (11th Cir. 1992). Courts have explained that Federal Rule of Civil Procedure 10(a) illustrates "the principle that judicial proceedings, civil as well as criminal, are to be conducted in public." <u>Doe v. Blue Cross & Blue Shield United</u>, 112 F.3d 869, 872 (7th Cir. 1997). "Identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts." <u>Blue Cross</u>, 112 F.3d at 872; Fed.R.Civ.P. 10(a). And, defendants have a right to confront their accusers. <u>See</u> <u>S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe</u>, 599 F.2d 707, 713 (5th Cir. 1979). A plaintiff's use of a pseudonym "runs afoul of the public's common law right of access to judicial proceedings." <u>Does I Thru XXIII v. Advanced Textile Corp.</u>, 214 F.3d 1058, 1067 (9th Cir. 2000).

<u>Doe v. Megless</u>, 654 F.3d 404, 408 (3d Cir. 2011). <u>See</u> <u>B.L. v. Zong</u>, No. 3:15-CV-1327, 2017 WL 1036474, at *2 (M.D. Pa. Mar. 17, 2017).

Decisions regarding whether to allow a party to proceed under a pseudonym are consigned to the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion. <u>Doe</u>, 654 F.3d at 407. The exercise of this discretion is guided, however, by certain basic principles, which include the cardinal tenet that "one of the essential qualities of a Court of Justice [is] that its

proceedings should be public." Id. at 408. Thus, permitting a party to use a pseudonym runs afoul of the public's common law right of access to judicial proceedings. Id. Nonetheless, "in *exceptional cases* courts have allowed a party to proceed anonymously." Id. (emphasis added).

In exercising this discretion, we are cautioned to balance an array of competing factors:

The factors in favor of anonymity include[]:

(1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

On the other side of the scale, factors disfavoring anonymity include[]:

(1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

Doe, 654 F.3d at 409.

In striking this balance, the need to proceed under a pseudonym has only been recognized in rare instances such as "cases involving 'abortion, birth control, transexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality.'" Doe, 654 F.3d at 408 (quoting Doe v. Borough of Morrisville, 130 F.R.D. 612, 614 (E.D. Pa. 1990)). Further in determining whether to allow a party to proceed anonymously, the moving party:

> [M]ust establish " '"both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable.' " Megless, 654 F.3d at 408 (citation omitted). Courts must then determine whether the "litigant's reasonable fear of severe harm outweighs the public's interest in open judicial proceedings." Id.

Doe v. Oshrin, 299 F.R.D. 100, 102 (D.N.J. 2014).

Considering the relevant factors enumerated in Doe and its progeny, we find that the unusual step of allowing these defendants to proceed anonymously is not warranted here. Simply put, the defendants have not established both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable. Id. Quite the contrary, this lawsuit is a fairly mundane insurance declaratory judgment action. There is nothing so striking or notorious about the allegations in this case that would justify deviating from the requirements of Rule 10 or the strong public policy favoring open proceedings. Further, the defendants' vague and general assertions of some potential future commercial or reputational harm simply do not

constitute a reasonable fear of severe harm, the benchmark standard for a request to proceed under a pseudonym. Thus, the defendants have not met the initial threshold showing they must satisfy to obtain the relief they seek.

Moreover, to the extent that this request rests upon concerns regarding sensitive matters of sexuality, we note that there is nothing in the plaintiff's complaint which in any way touches upon such concerns. Rather, these questions have been interjected into this litigation in an odd and gratuitous way by the defendants. Because we conclude that speculation regarding matters of sexuality has absolutely no relevance to the insurance coverage issues presented in this case, we find that such irrelevant speculation cannot form the basis for granting a request to proceed under a pseudonym.

An appropriate order follows.

## III.   <u>Order</u>

Accordingly, for the foregoing reasons, the defendants' motion to proceed under a pseudonym (Doc. 15) is DENIED.

So ordered this 26th day of January 2023.


*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge