IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HOMESITE INS. CO. OF THE MIDWEST,** | : | Civil No. 1:22-CV-1664 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **OMAR EWIDEH, et al.,** | : | (Magistrate Judge Carlson) |
| | : | |
| **Defendants** | : | |

### MEMORANDUM ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This case is a declaratory judgment action brought by Homesite Insurance Company of the Midwest ("Homesite") against two of its insureds, Omar Ewideh and Nivertiti Geaith. (Doc. 1). In this lawsuit Homesite seeks a determination of whether it has fully discharged its legal responsibilities under its homeowner insurance policy with the defendants. According to Homesite the insureds' home suffered water leak damage on two separate occasions, and experienced mold damage which was covered on Homesite's policy. Homesite alleges that it paid the defendants more than $294,000 as reimbursement on these claims pursuant to the terms of this homeowner policy. (Id., ¶¶ 1-56).

Notwithstanding these payments, Homesite alleges that the defendants have filed additional claims against its policy but has violated that policy by refusing to cooperate in the investigation of these additional claims; refusing to permit inspection of the property; failing to protect the property; and failing to properly document their claimed losses. (Id., ¶¶ 57-111). Homesite also asserts that the defendants have made false statements and concealed material facts from the plaintiff in the course of its investigation of these claims in violation of the homeowner policy. (Id., ¶¶ 112-24). Cast against the backdrop of these factual averments Homesite seeks a declaratory judgment that it has properly and adequately adjusted the defendants' claims under this homeowner insurance policy. (Id., ¶¶ 125-29).

The parties are embroiled in a contentious course of litigation and discovery. On May 12, 2023 we addressed these discovery disputes, in part, by directing the defendants to provide complete discovery responses and ordering the parties to agree upon deposition scheduling. (Doc. 74). We have now received a motion from the plaintiff seeking to compel discovery which attaches the defendants' discovery responses. (Doc. 75). In our view these responses fall well short of what is required of the defendants, and the defendants' privilege, overbreadth and burdensomeness assertions appear to be not well taken. Therefore, if the defendants wish to continue to assert these objections, they must file a response in opposition to this motion on

or before **May 26, 2023.** Otherwise the defendants are directed to appear in person along with all relevant discovery materials at **10:00 a.m. on May 30, 2023** at the United States Courthouse, Harrisburg, Pennsylvania, where we will rule on objections, set aside a room and sequester the parties until they resolve these pending discovery matters and fully respond to these requests. **The failure to do so may result in sanctions including exclusion of evidence or entry of adverse judgments.**

So ordered this 17th day of May 2023.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
