IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HOMESITE INS. CO. OF THE MIDWEST,** | : | Civil No. 1:22-CV-1664 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **OMAR EWIDEH, et al.,** | : | (Magistrate Judge Carlson) |
| | : | |
| **Defendants** | : | |

**MEMORANDUM ORDER**

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This case is a declaratory judgment action brought by Homesite Insurance Company of the Midwest ("Homesite") against two of its insureds, Omar Ewideh and Nivertiti Geaith. (Doc. 1). In this lawsuit Homesite seeks a determination of whether it has fully discharged its legal responsibilities under its homeowner insurance policy with the defendants. According to Homesite the insureds' home suffered water leak damage on two separate occasions, and experienced mold damage which was covered on Homesite's policy. Homesite alleges that it paid the defendants more than $294,000 as reimbursement on these claims pursuant to the terms of this homeowner policy. (Id., ¶¶ 1-56).

Notwithstanding these payments, Homesite alleges that the defendants have filed additional claims against its policy but has violated that policy by refusing to cooperate in the investigation of these additional claims; refusing to permit inspection of the property; failing to protect the property; and failing to properly document their claimed losses. (Id., ¶¶ 57-111). Homesite also asserts that the defendants have made false statements and concealed material facts from the plaintiff in the course of its investigation of these claims in violation of the homeowner policy. (Id., ¶¶ 112-24). Cast against the backdrop of these factual averments Homesite seeks a declaratory judgment that it has properly and adequately adjusted the defendants' claims under this homeowner insurance policy. (Id., ¶¶ 125-29).

The parties are embroiled in a contentious course of litigation and discovery. Consequently we have four matters to address today.

First, the defendants have filed a motion for a subpoena which seeks the production of documents from the plaintiff. (Doc. 84). This motion is DENIED without prejudice to the submission of a proper request for production of documents because the proper way to obtain documents from a party is through a request for production of documents and not a subpoena.

Second, the defendants have sought a motion for extension of time in which to answer the complaint. (Doc. 86). This motion is DENIED since this litigation has

been pending for more than six months and it is now time for the pleadings to close. The defendants shall answer the complaint on or before **May 26, 2023**.

Third, the defendants have filed a motion to clarify (Doc. 88), which is GRANTED in part as follows: Defendants are advised that there is no need for the defendants to file another motion beyond the motion filed at Doc. 67 and the expanded word limitations previously granted by the court continue to apply.

Fourth, the plaintiff has submitted a letter (Doc. 82) asking if their principals may be available by telephone on May 30, 2023. Provided that counsel appear in person this request is GRANTED.

So ordered this 22d day of May 2023.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
