IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HOMESITE INS. CO. OF THE MIDWEST,** | : | Civil No. 1:22-CV-1664 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **OMAR EWIDEH, et al.,** | : | (Magistrate Judge Carlson) |
| | : | |
| Defendants | : | |

## MEMORANDUM ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This case is a declaratory judgment action brought by Homesite Insurance Company of the Midwest ("Homesite") against two of its insureds, Omar Ewideh and Nivertiti Geaith. (Doc. 1). In this lawsuit Homesite seeks a determination of whether it has fully discharged its legal responsibilities under its homeowner insurance policy with the defendants. According to Homesite the insureds' home suffered water leak damage on two separate occasions, and experienced mold damage which was covered on Homesite's policy. Homesite alleges that it paid the defendants more than $294,000 as reimbursement on these claims pursuant to the terms of this homeowner policy. (Id., ¶¶ 1-56).

Notwithstanding these payments, Homesite alleges that the defendants have filed additional claims against its policy but has violated that policy by refusing to cooperate in the investigation of these additional claims; refusing to permit inspection of the property; failing to protect the property; and failing to properly document their claimed losses. (Id., ¶¶ 57-111). Homesite also asserts that the defendants have made false statements and concealed material facts from the plaintiff in the course of its investigation of these claims in violation of the homeowner policy. (Id., ¶¶ 112-24). Cast against the backdrop of these factual averments Homesite seeks a declaratory judgment that it has properly and adequately adjusted the defendants' claims under this homeowner insurance policy. (Id., ¶¶ 125-29).

The parties are embroiled in a contentious course of litigation and discovery. In order to resolve these issues we have scheduled an in person conference at **10:00 a.m. on May 30, 2023 in Courtroom 6,** at the United States Courthouse, Harrisburg, Pennsylvania. The parties attended this conference[1] and in accordance with the rulings announced at this conference we enter the following order.

---

[1] The defendants arrived 22 minutes late for this conference and were admonished that further tardiness in filing or appearing for court matter would not be permitted. They indicated that they fully understood their obligation to comply with all court-ordered deadlines.

AND NOW, this 30th day of May 2023, following this in-person conference with the plaintiff's counsel and the defendants to discuss outstanding discovery and case management issues, and in accordance with the instructions provided to all parties during the conference, IT IS HEREBY ORDERED AS FOLLOWS:

1. The defendants shall file a brief in support of their motion to certify an interlocutory appeal (Doc. 92) **no later than May 31, 2023.** The plaintiff shall file any reply brief **on or before June 5, 2023.**

2. The defendants shall produce to plaintiff's counsel all documents, including recordings, responsive to the plaintiff's discovery requests, and all documents they believe are relevant to any claims or defenses in this case, **on or before Thursday, June 1, 2023.** **The failure to produce documents will result in the defendants being precluded from using any document not produced to support their claims or defenses.**

3. During the conference, we notified the defendants that their dispositive motion, which was filed as a motion to dismiss under Rule 12 but which we converted to a motion for summary judgment under Rule 56, referenced exhibits but did not have the exhibits attached to the motion or supporting brief. Accordingly, the defendants shall refile their brief with supporting exhibits attached **no later than Tuesday, June 7, 2023.** The defendants are reminded that they will not be permitted to rely on any documents in support of their motion that are not produced to the plaintiff by the June 1 deadline.

4. The plaintiff has filed a second motion for an entry of default against the defendants due to their failure to answer the complaint. (Doc. 101). Accordingly, the defendants shall file an answer to the complaint **no later than June 13, 2023.** The defendants shall do this by way of a motion requesting to file an answer outside of the time prescribed by the Court,

3

since the deadline for filing an answer has now passed, and should attach their answer to the complaint to the motion.

5. The defendants have filed a motion to quash subpoenas to be served on third parties (Doc. 77). We find that on their face, these subpoenas seek only relevant and nonprivileged information pertaining to this case from these third parties. Accordingly, the motion to quash is **DENIED.**

6. To the extent that the defendants are concerned about the production of information of a personal or sensitive nature, the defendants shall consult and confer with the plaintiff's counsel, and if no agreement as to the confidentiality of this information can be reach, the defendants may seek a protective order from the Court by way of a motion.

7. We note that depositions of the defendants have been scheduled to take place on **June 28 and June 29, 2023.** All parties are on notice that they must appear for these deposition as scheduled.

8. The defendants have filed objections to several nondispositive orders we have entered. (See e.g., Doc. 104). During the conference, we informed the defendants that such objections to our orders must be decided by the District Court.² Accordingly, we will notify the presiding judge, Judge Conner, of such objections so that Judge Conner can rule on any objections. **However, the defendants are reminded that the filing of objections will not stay or delay the timetables and deadlines we have set for discovery and for this case moving forward.**

---

² We also note for the defendants, as we did during the conference, that Rule 72 of the Federal Rules of Civil Procedure sets forth the standard for modifying or setting aside a nondispositive order by a magistrate judge and directs that the order, if objected to, may only be modified or set aside if it "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

So ordered this 30th day of May, 2023.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
