IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HOMESITE INS. CO. OF THE MIDWEST,** | : | Civil No. 1:22-CV-1664 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **OMAR EWIDEH, et al.,** | : | (Magistrate Judge Carlson) |
| | : | |
| Defendants | : | |

# MEMORANDUM ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This case is a declaratory judgment action brought by Homesite Insurance Company of the Midwest ("Homesite") against two of its insureds, Omar Ewideh and Nivertiti Geaith. (Doc. 1). In this lawsuit Homesite seeks a determination of whether it has fully discharged its legal responsibilities under its homeowner insurance policy with the defendants. According to Homesite the insureds' home suffered water leak damage on two separate occasions, and experienced mold damage which was covered on Homesite's policy. Homesite alleges that it paid the defendants more than $294,000 as reimbursement on these claims pursuant to the terms of this homeowner policy. (Id., ¶¶ 1-56).

Notwithstanding these payments, Homesite alleges that the defendants have filed additional claims against its policy but has violated that policy by refusing to cooperate in the investigation of these additional claims; refusing to permit inspection of the property; failing to protect the property; and failing to properly document their claimed losses. (Id., ¶¶ 57-111). Homesite also asserts that the defendants have made false statements and concealed material facts from the plaintiff in the course of its investigation of these claims in violation of the homeowner policy. (Id., ¶¶ 112-24). Cast against the backdrop of these factual averments Homesite seeks a declaratory judgment that it has properly and adequately adjusted the defendants' claims under this homeowner insurance policy. (Id., ¶¶ 125-29).

The parties are embroiled in a contentious course of litigation and discovery. The source of much of this legal disarray has been the defendants who have repeatedly ignored court deadlines and basic legal obligations such as filing an answer to the complaint, providing discovery, or complying with court orders.  In order to resolve these issues, and ensure that the defendants understood their obligations as litigants  we held an in person conference at 10:00 a.m. on May 30, 2023 in Courtroom 6, at the United States Courthouse, Harrisburg, Pennsylvania, where we ruled on discovery issues, and set aside a room sequestering the parties so

they could resolve these pending discovery matters and fully respond to these discovery requests.

Following this conference we entered a series of scheduling orders in this matter, including orders scheduling deposition dates, adopting a briefing schedule agreed to by the parties to address a motion to certify and interlocutory appeal, a setting deadlines for the production of documents. (Docs. 106, 107). The defendants subsequently allowed the date they had agreed upon for the filing of a brief in support of their motion to certify an interlocutory appeal to pass without filing the brief they promised to submit. Accordingly, the plaintiff moved to have this motion deemed withdrawn, (Doc. 111), and the defendants have moved to strike this motion. (Doc. 113).

Given this latest spate of motions IT IS ORDERED as follows:

First, the defendants' motion to strike (Doc. 113) is DENIED since Rule 12(f) of the Federal Rules of Civil Procedure governs motions to strike pleadings and provides, in part, that:

> **(f) Motion to Strike.** The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

F. R.Civ. P., Rule 12(f).

While rulings on motions to strike rest in the sound discretion of the court, Von Bulow v. Von Bulow, 657 F.Supp. 1134, 1146 (S.D.N.Y. 1987), that discretion is guided by certain basic principles. Because striking a pleading is viewed as a drastic remedy, such motions are "generally disfavored." Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057 (C.A.La., 1982). As one court has aptly observed: "striking a party's pleadings is an extreme measure, and, as a result, . . . '[m]otions to strike under Fed. R.Civ.P. 12(f) are viewed with disfavor and are infrequently granted.' Lunsford v. United States, 570 F.2d 221, 229 (8th Cir.1977) (citing 5 Wright & Miller, Federal Practice and Procedure. Civil § 1380 at 783 (1969)). See also, Resolution Trust Corp. v. Gibson, 829 F.Supp. 1103, 1106 (W.D.Mo.1993); 2 James Wm. Moore et al., Moore's Federal Practice § 12.37[1] (3d ed. 2000)." Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000). In practice, courts should exercise this discretion and strike pleadings only when those pleadings are both "redundant, immaterial, impertinent, or scandalous" and prejudicial to the opposing party. Ruby v. Davis Foods, Inc., 269 F.3d 818, 820 (7th Cir. 2001).

The defendants have made no such showing here. Therefore their motion to strike (Doc. 113) is DENIED. We will by a separate Report and Recommendation address the motion to certify interlocutory appeal (Doc. 92), and motion to deem this request withdrawn (Doc. 111).

The motion to schedule deposition dates, (Doc. 72), is DISMISSED AS MOOT in light of our order scheduling depositions in this case, (Doc. 107), and motion to compel production of documents (Doc. 75) is GRANTED as provided for in our May 30, 2023 scheduling order. (Doc. 107).

So ordered this 2d day of June 2023.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
