IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HOMESITE INS. CO. OF THE MIDWEST,** : | : | Civil No. 1:22-CV-1664 |
| **Plaintiff** : | : | (Judge Conner) |
| v. : | : | |
| **OMAR EWIDEH, et al.,** : | : | (Magistrate Judge Carlson) |
| **Defendants** : | : | |

## MEMORANDUM ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This case is a declaratory judgment action brought by Homesite Insurance Company of the Midwest ("Homesite") against two of its insureds, Omar Ewideh and Nivertiti Geaith. (Doc. 1). In this lawsuit Homesite seeks a determination of whether it has fully discharged its legal responsibilities under its homeowner insurance policy with the defendants. According to Homesite the insureds' home suffered water leak damage on two separate occasions, and experienced mold damage which was covered on Homesite's policy. Homesite alleges that it paid the defendants more than $294,000 as reimbursement on these claims pursuant to the terms of this homeowner policy. (Id., ¶¶ 1-56).

Notwithstanding these payments, Homesite alleges that the defendants have filed additional claims against its policy but has violated that policy by refusing to cooperate in the investigation of these additional claims; refusing to permit inspection of the property; failing to protect the property; and failing to properly document their claimed losses. (Id., ¶¶ 57-111). Homesite also asserts that the defendants have made false statements and concealed material facts from the plaintiff in the course of its investigation of these claims in violation of the homeowner policy. (Id., ¶¶ 112-24). Cast against the backdrop of these factual averments Homesite seeks a declaratory judgment that it has properly and adequately adjusted the defendants' claims under this homeowner insurance policy. (Id., ¶¶ 125-29).

The parties are embroiled in a contentious course of litigation and discovery which has delayed merits consideration of this case. The cause of much of this unconscionable delay has been the defendants, who have indulged in an improper and paradoxical course in this litigation, professing to seeks a prompt resolution of this lawsuit while constantly delaying proceedings through frivolous filings, failures to abide by court-ordered deadlines, and repeated motions to stay or delay the legal process. In order to instill order into the chaos which the defendants sought to sow, we held an in person conference at **10:00 a.m. on May 30, 2023 in Courtroom 6,** at the United States Courthouse, Harrisburg, Pennsylvania, where we ruled on

discovery and scheduling issues. (Docs. 105-08). Many of these court-ordered deadlines were set with the concurrence of the defendants at this conference.

Notwithstanding this fact, the defendants have continually failed to abide by our orders. Instead, they have filed facially meritless requests to take an interlocutory appeal of simple scheduling orders, and have ignored their responsibility to this court. They now combine this disregard for our explicit instructions with yet another request to stay proceedings. (Doc. 121).

This motion is antithetical to the animating principle governing federal practice which is to ensure the "just, speedy and inexpensive" determination of these issues, Rule 1, Fed. R. Civ. P. Moreover, this request, if granted, would reward the defendants for their misconduct while punishing counsel for the plaintiff who has complied by the rules.

In considering this motion we are guided by a simple overarching principle. Decisions by a magistrate judge setting an orderly schedule for proceedings:

> [R]est in the sound discretion of the court. Miller v. Ashcroft, 76 Fed.Appx. 457, 461 (3d Cir.2003). That discretion is guided, however, by certain basic principles. Thus, under this abuse of discretion standard, a trial court's control of its docket will not be disturbed " 'except upon the clearest showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant' " Id., (citations omitted). Moreover, any party challenging a ruling denying a continuance request, "ha[s] a heavy burden to bear, ..., as matters of docket control and conduct of [litigation] are committed to the sound discretion of the district court." In re Fine Paper Antitrust Litigation 685 F.2d 810, 817 (3d Cir.1982) (citations omitted). Furthermore, when

exercising this discretion, we acknowledged a basic truth: we must remain mindful of the fact that "the Federal Rules are meant to be applied in such a way as to promote justice. See Fed.R.Civ.P. 1. Often that will mean that courts should strive to resolve cases on their merits whenever possible. However, justice also requires that the merits of a particular dispute be placed before the court in a timely fashion ...." McCurdy v. American Bd. of Plastic Surgery, 157 F.3d 191, 197 (3d Cir.1998) (affirming denial of request for extension of time).

Lease v. Fishel, 712 F. Supp. 2d 359, 371 (M.D. Pa. 2010), aff'd, No. 1:07-CV-0003, 2010 WL 4318833 (M.D. Pa. Oct. 22, 2010).

Guided by these principles, and mindful that the defendants' ongoing violations of this court's orders prejudices the administration of justice, IT IS ORDERED that this motion to stay (Doc. 121) is DENIED. IT IS FURTHER ORDERED that the defendants COMPLY with all of our prior scheduling orders FORTHWITH, including immediately filing those pleadings which are past due under our prior scheduling orders. **The failure to do so may result in sanctions including exclusion of evidence or entry of adverse judgments.**

In addition, the clerk is ORDERED to TERMINATE the filing, styled by defendants as a motion to quash (Doc. 123), which is misidentified and is merely an exhibit to a separate motion to quash. (Doc. 124).

Finally, with respect to this motion to quash (Doc. 124), the defendants are ORDERED to file a brief in support of the motion on or before **June 16, 2023**. Further briefing on this motion will be conducted in accordance with the schedule

set by the local rules. If the defendants fail to file a timely brief in support of this motion the motion may be deemed withdrawn.

So ordered this 16th day of June 2023.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
