IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HOMESITE INS. CO. OF THE MIDWEST,** | : | Civil No. 1:22-CV-1664 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **OMAR EWIDEH, et al.,** | : | (Magistrate Judge Carlson) |
| | : | |
| Defendants | : | |

## MEMORANDUM ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This case is a declaratory judgment action brought by Homesite Insurance Company of the Midwest ("Homesite") against two of its insureds, Omar Ewideh and Nivertiti Geaith. (Doc. 1). In this lawsuit Homesite seeks a determination of whether it has fully discharged its legal responsibilities under its homeowner insurance policy with the defendants. According to Homesite the insureds' home suffered water leak damage on two separate occasions, and experienced mold damage which was covered on Homesite's policy. Homesite alleges that it paid the defendants more than $294,000 as reimbursement on these claims pursuant to the terms of this homeowner policy. (Id., ¶¶ 1-56).

Notwithstanding these payments, Homesite alleges that the defendants have filed additional claims against its policy but has violated that policy by refusing to cooperate in the investigation of these additional claims; refusing to permit inspection of the property; failing to protect the property; and failing to properly document their claimed losses. (Id., ¶¶ 57-111). Homesite also asserts that the defendants have made false statements and concealed material facts from the plaintiff in the course of its investigation of these claims in violation of the homeowner policy. (Id., ¶¶ 112-24). Cast against the backdrop of these factual averments Homesite seeks a declaratory judgment that it has properly and adequately adjusted the defendants' claims under this homeowner insurance policy. (Id., ¶¶ 125-29).

The parties are embroiled in a contentious course of litigation and discovery which has delayed merits consideration of this case. The cause of much of this unconscionable delay has been the defendants, who have indulged in an improper and paradoxical course in this litigation, professing to seeks a prompt resolution of this lawsuit while constantly delaying proceedings through frivolous filings, failures to abide by court-ordered deadlines, and repeated motions to stay or delay the legal process. Moreover, the way the defendants have chosen to conduct discovery is deeply troubling in one other respect. Ideally the discovery process should entail a mutual and cooperative search for the truth. However, the defendants have

transmogrified discovery into some sort of cynical asymmetrical game, where they ignore court orders, and evade their discovery responsibilities, while demanding unfairly favorable treatment from the courts and opposing parties.

So it is here. The defendants have filed two discovery motions: (1) a motion to quash a subpoena served upon Penn State, seeking information regarding Mr. Ewideh; (Doc. 124), and (2) a motion to compel the scheduling of depositions by the plaintiffs even though the defendants have refused to sit for a court ordered deposition themselves. (Doc. 133). The defendants' motion to quash is unaccompanied by any brief explaining the legal basis for the motion. The failure to file a brief in support of this motion violates the Rules of this Court which provide that:

> Within fourteen (14) days after the filing of any motion, the party filing the motion shall file a brief in support of the motion. If the motion seeks a protective order, a supporting brief shall be filed with the motion. If a supporting brief is not filed within the time provided in this rule the motion shall be deemed to be withdrawn.

L.R. 7.5.

In this case Ewideh and Geaith have violated Local Rule 7.5 by failing to file a brief in support of this motion. This failure is particularly troubling since the defendants were specifically ordered to file a brief but have chosen to ignore the court's order. (Doc. 126 at 4-5). We cannot reward this misbehavior. On these facts we will deem the motion, which is not supported by a brief, to be withdrawn. See,

e.g., Salkeld v. Tennis, 248 F. App'x 341 (3d Cir.2007) (affirming dismissal of motion under Local Rule 7.5); Booze v. Wetzel, 1:12-CV-1307, 2012 WL 6137561 (M.D. Pa. Nov. 16, 2012) report and recommendation adopted, 1:CV-12-1307, 2012 WL 6138315 (M.D. Pa. Dec. 11, 2012); Breslin v. Dickinson Twp., 1:09–CV–1396, 2011 WL 1577840 (M.D.Pa. Apr.26, 2011) Prinkey v. Tennis, No. 09–52, 2010 WL 4683757 (M.D.Pa. Nov.10, 2010) (dismissal under Local Rule 7.5); Griffin v. Lackawanna County Prison Board, No. 07–1683, 2008 WL 4533685 (M.D.Pa.Oct.6, 2008) (dismissal under Local Rule 7.6).

In addition, the defendants have filed a motion to compel the plaintiff to schedule various depositions. (Doc. 133). There is an irony, albeit perhaps unintended irony, to this motion since the defendants sought this relief on June 29, 2023, the day after they failed to appear for their own court-ordered depositions. In any event the plaintiff has filed a response in opposition to this motion which thoroughly documents their efforts to engage in reasonable deposition scheduling with Ewideh and Geaith, efforts that were consistently rebuffed by the defendants. Therefore, this motion will be DENIED as well.

Having addressed these pending discovery motions, we note that there are other potentially dispositive motions pending in this case. We also note that our broad discretion over discovery matters extends to decisions under Rule 26 relating to the issuance of protective orders limiting and regulating the timing of discovery.

Indeed, it is undisputed that: " '[t]he grant and nature of [a protective order] is singularly within the discretion of the district court and may be reversed only on a clear showing of abuse of discretion.'" Dove v. Atlantic Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992) (quoting Galella v. Onassis, 487 F.2d 986, 997 (2d Cir. 1973) (citation omitted)). This discretion is guided, however, by certain basic principles. One of these cardinal principles governing the exercise of discretion in this field is that the district court may properly defer or delay discovery while it considers a potentially dispositive pretrial motion. See, e.g., James v. York County Police Dep't, 160 F.App'x 126, 136 (3d Cir. 2005); Nolan v. U.S. Dep't of Justice, 973 F.2d 843,849 (10th Cir. 1992); Johnson v. New York Univ. Sch. of Ed., 205 F.R.D. 433, 434 (S.D.N.Y. 2002). In this case there pending, and potentially dispositive motions before the court. Given these pending motions, in the exercise of our discretion we will stay discovery without prejudice to the rescheduling of discovery, if necessary, once the these potentially dispositive motions are resolved.

Accordingly, for the foregoing reasons, the defendants' motions to quash and to compel, (Docs. 124. 133) are DENIED and further discovery is STAYED pending resolution of the outstanding, and potentially dispositive motions in this case.

So ordered this 11th day of July 2023.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
