IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HOMESITE INS. CO. OF THE MIDWEST,** : | : | Civil No. 1:22-CV-1664 |
| **Plaintiff** : | : | (Judge Conner) |
| v. : | : | |
| **OMAR EWIDEH, et al.,** : | : | (Magistrate Judge Carlson) |
| **Defendants** : | : | |

# MEMORANDUM ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This case is one of two related civil actions involving Omar Ewideh and Nivertiti Geaith as *pro se* litigants and Homesite Insurance Company. There is a remarkable quality to the litigation undertaken by these *pro se* parties. In a short span of time, Ewideh and Geaith have indulged in a breathtaking array of litigation mayhem and misconduct in these two cases. Moreover, they have, to an astonishing and unprecedented degree, been derelict in their duties as litigants. Thus, Ewideh and Geaith have repeatedly disobeyed or ignored court orders; have failed to respond to pleadings; have refused to file an answer to this complaint, despite being ordered to do so; and have persistently declined to provide discovery. The staggering array of defaults by Ewideh and Geaith have been thoroughly documented in our prior

decisions and Reports and Recommendations, which are incorporated by reference in this order. See e.g., Ewideh v. Homesite Ins. Co. of the Midwest, No. 1:23-CV-812, 2023 WL 5170379, at *1 (M.D. Pa. July 17, 2023); Ewideh v. Homesite Ins. Co. of the Midwest, No. 1:23-CV-812, 2023 WL 4552888, at *1 (M.D. Pa. July 14, 2023); Homesite Ins. Co. of the Midwest v. Ewideh, No. 1:22-CV-1664, 2023 WL 4471489, at *1 (M.D. Pa. July 11, 2023); Homesite Ins. Co. of the Midwest v. Ewideh, No. 1:22-CV-1664, 2023 WL 3794509, at *1 (M.D. Pa. June 2, 2023); Homesite Ins. Co. of the Midwest v. Ewideh, No. 1:22-CV-1664, 2023 WL 4138328, at *1 (M.D. Pa. May 30, 2023); Homesite Ins. Co. of the Midwest v. Ewideh, No. 1:22-CV-1664, 2023 WL 3035313, at *1 (M.D. Pa. Mar. 7, 2023), report and recommendation adopted sub nom. Homesite Ins. Co. of Midwest v. Ewideh, No. 1:22-CV-1664, 2023 WL 3866607 (M.D. Pa. Apr. 24, 2023); Homesite Ins. Co. of the Midwest v. Ewideh, No. 1:22-CV-1664, 2023 WL 426923, at *1 (M.D. Pa. Jan. 26, 2023).

On November 1, 2023, as we returned to duty as a recall magistrate judge, we received a referral from the district court of an emergency motion for protective order and sanctions filed by Homesite in this case, (Doc. 164), which alleged a new form of litigation misconduct by Ewideh and Geaith. Specifically, this motion alleges that these *pro se* defendants have engaged in a pattern of repeated and

abusive communications with Plaintiff's counsel, including profane, threatening, harassing, and insulting communications. (Id.)

Ewideh and Geaith have not responded to this motion but did respond to the referral of the motion to the undersigned by filing a motion seeking our recusal from this case. (Doc. 165). This motion to recuse simply repeats allegations which we have previously considered and rejected in the companion case brought by Ewideh and Geaith. Specifically, Ewideh and Geaith insist that our prior rulings and findings of misconduct do not require them to modify their behavior. Instead, they contend that our rulings on the legal issues presented in this case by their own misdeeds now compel us to recuse ourselves from further involvement in this litigation. Thus, the motion to recuse, in effect, would ask us to treat the vice of their litigation misconduct as some form of virtue which requires us to quit this litigation.

In our view, the law simply does not work this way. Rather, as we have previously explained to these litigants:

> The legal standards which govern such recusal requests were aptly summarized in Conklin v. Warrington Township, 476 F. Supp. 2d 458 (M.D. Pa. 2007). In terms that are equally applicable here, the court explained that:
>
>> The disqualification standard is set forth in 28 U.S.C. § 455, which provides in pertinent part as follows:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances: (1) Where he has a personal bias or prejudice concerning a party....
>
> Id. Pursuant to the above quoted language, the court must consider whether its rulings and statements objectively produce the appearance of bias against [the plaintiff]. As explained by the Supreme Court, these provisions "require ... 'bias and prejudice' ... to be evaluated on an objective basis, so that what matters is not the reality of bias or prejudice but its appearance." Liteky v. United States, 510 U.S. 540, 548, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). This objective standard requires recusal when a "reasonable man knowing all the circumstances would harbor doubts concerning the judge's impartiality." Edelstein v. Wilentz, 812 F.2d 128, 131 (3d Cir.1987) (citing United States v. Dalfonso, 707 F.2d 757, 760 (3d Cir.1983)); see also In re Antar, 71 F.3d 97, 101 (3d Cir.1995). If the record presents a close question, the court must resolve the issue in favor of disqualification. Nichols v. Alley, 71 F.3d 347, 352 (10th Cir.1995).

Id. at 462-63.

It is clear, however, that a party's disappointment with what the party anticipates may be the court's rulings cannot form the basis for recusal. As this court has aptly noted:

> The Third Circuit has repeatedly observed that "a party's displeasure with legal rulings does not form an adequate basis for recusal." Securacomm Consulting, Inc. v. Securacom, Inc., 224 F.3d 273, 278 (3d Cir.2000) (citing In re TMI Litig., 193 F.3d 613, 728 (3d Cir.1999) and Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3d

Cir.1990)). Subsections 455(a) and (b)(1) require the source of bias to be extrajudicial, that is stemming from a source outside of the proceeding, or of such an intensity as to make a fair trial impossible. Blanche Rd. Corp. v. Bensalem Twp., 57 F.3d 253 (3d Cir.1995), cert. denied, 516 U.S. 915, 116 S.Ct. 303, 133 L.Ed.2d 208 (1995). As stated by the Supreme Court:

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

Liteky, 510 U.S. at 555, 114 S.Ct. 1147 (emphasis in original).

Id. at 463.

Furthermore, in assessing recusal requests, courts must remain mindful that, in the hands of some litigants, a recusal motion may simply be a calculated tactical tool designed to avoid the result which the law dictates in a case or attempt to unilaterally choose a new judge. Thus, in every instance:

> [T]he court must consider whether attacks on a judge's impartiality are simply subterfuge to circumvent anticipated adverse rulings. In re Antar, 71 F.3d at 101; Alexander v. Primerica Holdings, Inc., 10 F.3d 155, 162 (3d Cir.1993). Indeed, a judge "has as strong a duty to sit

5

> when there is no legitimate reason to recuse as he does to recuse when the law and facts require." Bryce v. Episcopal Church in the Diocese of Colorado, 289 F.3d 648, 659 (10th Cir.2002) (quoting Nichols, 71 F.3d at 351); Cooney v. Booth, 262 F.Supp.2d 494, 508 (E.D.Pa.2003); see also United States v. Snyder, 235 F.3d 42, 46 n. 1 (1st Cir.2000); Curley v. St. John's University, 7 F.Supp.2d 359, 362 (S.D.N.Y.1998).
>
> Id. at 463.
>
> Judged against these legal standards, we must decline these latest requests that we recuse ourselves from this case since the plaintiffs' request for our recusal rest upon our rulings and recommendations in this case. Given that the Third Circuit has repeatedly observed that "a party's displeasure with legal rulings does not form an adequate basis for recusal," Securacomm Consulting, Inc. v. Securacom, Inc., 224 F.3d 273, 278 (3d Cir.2000), the plaintiffs' disappointment with our decisions simply cannot be converted into grounds compelling our recusal.

Ewideh v. Homesite Ins. Co. of Midwest, No. 1:23-CV-812, 2023 WL 5183043, at *2–3 (M.D. Pa. Aug. 11, 2023). Accordingly, this motion to recuse, (Doc. 165), is DENIED.

As for Homesite's emergency motion for protective order and sanctions, (Doc. 164), IT IS ORDERED as follows:

First, we place Ewideh and Geaith "on notice that recently [their] pleadings have begun to consist largely of 'incomprehensible forays into personal invective, acerbic asides, caustic commentaries, disgruntled digressions, and *ad hominem* observations, [p]ersonal attacks [that] are never appropriate in any court filing, and

6

are subject to a motion to strike.'" Boldrini v. Fed. Nat'l Mortg. Ass'n, No. 3:19-CV-1576, 2019 WL 13201207, at *2 (M.D. Pa. Oct. 23, 2019) (quoting Dougherty v. Advanced Wings, LLC, No. 1:13-CV-447, 2013 WL 4041589, at *7 (M.D. Pa. Aug. 7, 2013) (alteration in original) (citation omitted). Ewideh and Geaith are also advised that they should refrain from similar conduct in their direct communications with opposing counsel.

Second, Ewideh and Geaith are ORDERED to substantively respond to this sanctions motion, (Doc. 164), on or before **November 7, 2023**. Pursuant to the rules of this court, Ewideh and Geaith are reminded that the failure to timely respond may result in the court deeming the motion unopposed and granted.

So ordered this 2nd day of November 2023.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
