IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HOMESITE INS. CO. OF THE MIDWEST,** | : | Civil No. 1:22-CV-1664 |
| | : | |
| **Plaintiff** | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | |
| **OMAR EWIDEH, et al.,** | : | (Magistrate Judge Carlson) |
| | : | |
| **Defendants** | : | |

## MEMORANDUM ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This case is one of two related civil actions involving Omar Ewideh and Nivertiti Geaith as *pro se* litigants and Homesite Insurance Company. There is a remarkable quality to the litigation undertaken by these *pro se* parties. In a short span of time, Ewideh and Geaith have indulged in a breathtaking array of litigation mayhem and misconduct in these two cases. Moreover, they have, to an astonishing and unprecedented degree, been derelict in their duties as litigants. Thus, Ewideh and Geaith have repeatedly disobeyed or ignored court orders; have failed to respond to pleadings; have refused to file an answer to this complaint, despite being ordered to do so; and have persistently declined to provide discovery. The staggering array of defaults by Ewideh and Geaith have been thoroughly documented in our prior

decisions and Reports and Recommendations, which are incorporated by reference in this order. See e.g., Ewideh v. Homesite Ins. Co. of the Midwest, No. 1:23-CV-812, 2023 WL 5170379, at *1 (M.D. Pa. July 17, 2023); Ewideh v. Homesite Ins. Co. of the Midwest, No. 1:23-CV-812, 2023 WL 4552888, at *1 (M.D. Pa. July 14, 2023); Homesite Ins. Co. of the Midwest v. Ewideh, No. 1:22-CV-1664, 2023 WL 4471489, at *1 (M.D. Pa. July 11, 2023); Homesite Ins. Co. of the Midwest v. Ewideh, No. 1:22-CV-1664, 2023 WL 3794509, at *1 (M.D. Pa. June 2, 2023); Homesite Ins. Co. of the Midwest v. Ewideh, No. 1:22-CV-1664, 2023 WL 4138328, at *1 (M.D. Pa. May 30, 2023); Homesite Ins. Co. of the Midwest v. Ewideh, No. 1:22-CV-1664, 2023 WL 3035313, at *1 (M.D. Pa. Mar. 7, 2023), report and recommendation adopted sub nom. Homesite Ins. Co. of Midwest v. Ewideh, No. 1:22-CV-1664, 2023 WL 3866607 (M.D. Pa. Apr. 24, 2023); Homesite Ins. Co. of the Midwest v. Ewideh, No. 1:22-CV-1664, 2023 WL 426923, at *1 (M.D. Pa. Jan. 26, 2023).

On November 1, 2023, as we returned to duty as a recall magistrate judge, we received a referral from the district court of an emergency motion for protective order and sanctions filed by Homesite in this case, (Doc. 164), which alleged a new form of litigation misconduct by Ewideh and Geaith. Specifically, this motion alleges that these *pro se* defendants have engaged in a pattern of repeated and

2

abusive communications with Plaintiff's counsel, including profane, threatening, harassing, and insulting communications. (Id.)

Ewideh and Geaith have not responded to this motion. Instead, they initially responded to the referral of the motion to the undersigned by filing a motion seeking our recusal from this case. (Doc. 165). This motion to recuse simply repeated allegations which we had previously considered and rejected in the companion case brought by Ewideh and Geaith. Specifically, Ewideh and Geaith insisted that our prior rulings and findings of misconduct on their part do not require them to modify their behavior. Instead, they contended that our rulings on the legal issues presented in this case by their own misdeeds compelled us to recuse ourselves from further involvement in this litigation. Thus, the motion to recuse, in effect, asked us to treat the vice of their litigation misconduct as some form of virtue which required us to quit this litigation.

We rejected this curious notion and denied this motion. (Doc. 167). Instead, we placed Ewideh and Geaith "on notice that recently [their] pleadings have begun to consist largely of 'incomprehensible forays into personal invective, acerbic asides, caustic commentaries, disgruntled digressions, and *ad hominem* observations, [p]ersonal attacks [that] are never appropriate in any court filing, and are subject to a motion to strike.'" Boldrini v. Fed. Nat'l Mortg. Ass'n, No. 3:19-CV-1576, 2019

WL 13201207, at *2 (M.D. Pa. Oct. 23, 2019) (quoting Dougherty v. Advanced Wings, LLC, No. 1:13-CV-447, 2013 WL 4041589, at *7 (M.D. Pa. Aug. 7, 2013) (alteration in original) (citation omitted). Ewideh and Geaith were also advised that they should refrain from similar conduct in their direct communications with opposing counsel. In addition, Ewideh and Geaith were ORDERED to substantively respond to this sanctions motion, (Doc. 164), on or before *November 7, 2023*. Pursuant to the rules of this court, Ewideh and Geaith were reminded that the failure to timely respond may result in the court deeming the motion unopposed and granted.

    Ewideh and Geaith failed to comply with this order. Instead, on November 8—one day after the response deadline set by the court—the defendants moved to strike this sanctions motion and sought an extension of time in which to respond to the motion. (Doc. 169). We denied this tardy motion but afforded Ewideh and Geaith an additional opportunity to reply to the plaintiff's request for a filing injunction, ordering them to submit a substantive response to this request on or before November 17, 2023.

    The defendants have also failed to meet this court-ordered deadline, and—remarkably—have compounded this nonfeasance with alleged malfeasance in that it was alleged on December 15 that they have indulged in a new round of verbally

4

abusive conduct after having been specifically instructed to refrain from such abuse. (Doc. 177).

Accordingly, IT IS ORDERED as follows: Counsel and *pro se* litigants shall appear before the undersigned on **December 21, 2023, in Courtroom 5B U.S. Courthouse at 10:30 a.m**. for a hearing on the latest sanctions request at which time the plaintiffs may present evidence in support of their request and the defendants shall show cause why sanctions should not be imposed.

So ordered this 18th day of December 2023.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge