## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HOMESITE INS. CO. OF THE MIDWEST,** | : | **Civil No. 1:22-CV-1664** |
| | : | |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **OMAR EWIDEH, et al.,** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **Defendants** | : | |

## <u>MEMORANDUM ORDER</u>

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This case is one of two related civil actions involving Omar Ewideh and Nivertiti Geaith as *pro se* litigants and Homesite Insurance Company. There is a remarkable quality to the litigation undertaken by these *pro se* parties. In a short span of time, Ewideh and Geaith have indulged in a breathtaking array of litigation mayhem and misconduct in these two cases. Moreover, they have, to an astonishing and unprecedented degree, been derelict in their duties as litigants. Thus, Ewideh and Geaith have repeatedly disobeyed or ignored court orders; have failed to respond to pleadings; have refused to file an answer to this complaint, despite being ordered to do so; and have persistently declined to provide discovery. The staggering array of defaults by Ewideh and Geaith have been thoroughly documented in our prior

decisions and Reports and Recommendations, which are incorporated by reference in this order. See e.g., Ewideh v. Homesite Ins. Co. of the Midwest, No. 1:23-CV-812, 2023 WL 5170379, at *1 (M.D. Pa. July 17, 2023); Ewideh v. Homesite Ins. Co. of the Midwest, No. 1:23-CV-812, 2023 WL 4552888, at *1 (M.D. Pa. July 14, 2023); Homesite Ins. Co. of the Midwest v. Ewideh, No. 1:22-CV-1664, 2023 WL 4471489, at *1 (M.D. Pa. July 11, 2023); Homesite Ins. Co. of the Midwest v. Ewideh, No. 1:22-CV-1664, 2023 WL 3794509, at *1 (M.D. Pa. June 2, 2023); Homesite Ins. Co. of the Midwest v. Ewideh, No. 1:22-CV-1664, 2023 WL 4138328, at *1 (M.D. Pa. May 30, 2023); Homesite Ins. Co. of the Midwest v. Ewideh, No. 1:22-CV-1664, 2023 WL 3035313, at *1 (M.D. Pa. Mar. 7, 2023), report and recommendation adopted sub nom. Homesite Ins. Co. of Midwest v. Ewideh, No. 1:22-CV-1664, 2023 WL 3866607 (M.D. Pa. Apr. 24, 2023); Homesite Ins. Co. of the Midwest v. Ewideh, No. 1:22-CV-1664, 2023 WL 426923, at *1 (M.D. Pa. Jan. 26, 2023).

On November 1, 2023, as we returned to duty as a recall magistrate judge, we received a referral from the district court of an emergency motion for protective order and sanctions filed by Homesite in this case, (Doc. 164), which alleged a new form of litigation misconduct by Ewideh and Geaith. Specifically, this motion alleges that these *pro se* defendants have engaged in a pattern of repeated and

abusive communications with Plaintiff's counsel, including profane, threatening, harassing, and insulting communications. (Id.)

Ewideh and Geaith did directly respond to this motion. Instead, they initially responded to the referral of the motion to the undersigned by filing a motion seeking our recusal from this case. (Doc. 165). This motion to recuse simply repeated allegations which we had previously considered and rejected in the companion case brought by Ewideh and Geaith. Specifically, Ewideh and Geaith insisted that our prior rulings and findings of misconduct on their part do not require them to modify their behavior. Instead, they contended that our rulings on the legal issues presented in this case by their own misdeeds compelled us to recuse ourselves from further involvement in this litigation. Thus, the motion to recuse, in effect, asked us to treat the vice of their litigation misconduct as some form of virtue which required us to quit this litigation.

We rejected this curious notion and denied this motion. (Doc. 167). Instead, we placed Ewideh and Geaith "on notice that recently [their] pleadings have begun to consist largely of 'incomprehensible forays into personal invective, acerbic asides, caustic commentaries, disgruntled digressions, and *ad hominem* observations, [p]ersonal attacks [that] are never appropriate in any court filing, and are subject to a motion to strike.'" Boldrini v. Fed. Nat'l Mortg. Ass'n, No. 3:19-CV-1576, 2019

3

WL 13201207, at *2 (M.D. Pa. Oct. 23, 2019) (quoting Dougherty v. Advanced Wings, LLC, No. 1:13-CV-447, 2013 WL 4041589, at *7 (M.D. Pa. Aug. 7, 2013) (alteration in original) (citation omitted). Ewideh and Geaith were also advised that they should refrain from similar conduct in their direct communications with opposing counsel. In addition, Ewideh and Geaith were ORDERED to substantively respond to this sanctions motion, (Doc. 164), on or before *November 7, 2023*. Pursuant to the rules of this court, Ewideh and Geaith were reminded that the failure to timely respond may result in the court deeming the motion unopposed and granted.

Ewideh and Geaith failed to comply with this order. Instead, on November 8—one day after the response deadline set by the court—the defendants moved to strike this sanctions motion and sought an extension of time in which to respond to the motion. (Doc. 169). We denied this tardy motion but afforded Ewideh and Geaith an additional opportunity to reply to the plaintiff's request for a filing injunction, ordering them to submit a substantive response to this request on or before November 17, 2023.

The defendants have also failed to meet this court-ordered deadline, and—remarkably—have compounded this nonfeasance with alleged malfeasance in that it was alleged on December 15 that they have indulged in a new round of verbally

abusive conduct after having been specifically instructed to refrain from such abuse. (Doc. 177).

Presented with the renewal of this motion, (Docs. 164, 177), we scheduled a hearing on this matter on December 21, 2023, in Courtroom 5B U.S. Courthouse at 10:30 a.m. (Doc. 179).

Both parties have raised concerns regarding the timing of this hearing. For its part the plaintiff's counsel cite pre-planned holiday travel which makes full attendance by all counsel at this hearing impossible on December 21. (Doc. 180). The *pro se* defendants, in turn, have filed two motions to strike which seek to strike these pleadings and cancel this conference entirely. (Docs. 181, 182).

With respect to these filings IT IS ORDERED as follows: First, the defense motions to strike (Docs. 181, 182), are DENIED for the following reasons: First, while rulings on motions to strike rest in the sound discretion of the court, Von Bulow v. Von Bulow, 657 F.Supp. 1134, 1146 (S.D.N.Y. 1987), that discretion is guided by certain basic principles. Because striking a pleading is viewed as a drastic remedy, such motions are "generally disfavored." Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057 (C.A. La. 1982). As one court has aptly observed: "striking a party's pleadings is an extreme measure, and, as a result, . . . '[m]otions to strike under Fed .R.Civ.P. 12(f) are viewed with

disfavor and are infrequently granted.' <u>Lunsford v. United States</u>, 570 F.2d 221, 229 (8th Cir.1977) (citing 5 <u>Wright & Miller, Federal Practice and Procedure. Civil</u> § 1380 at 783 (1969)). <u>See also</u>, <u>Resolution Trust Corp. v. Gibson</u>, 829 F.Supp. 1103, 1106 (W.D.Mo.1993); 2 James Wm. Moore et al., <u>Moore's Federal Practice</u> § 12.37[1] (3d ed. 2000)." <u>Stanbury Law Firm v. I.R.S.</u>, 221 F.3d 1059, 1063 (8th Cir. 2000). In practice, courts should exercise this discretion and strike pleadings only when those pleadings are both "redundant, immaterial, impertinent, or scandalous" and prejudicial to the opposing party. <u>Ruby v. Davis Foods, Inc.</u>, 269 F.3d 818, 820 (7th Cir. 2001). In this case, the plaintiff's motion for sanctions is an appropriate response to what is alleged to have been inappropriate behavior by Ewideh and Geaith. Therefore, it is not the proper subject of a motion to strike, which is limited to pleadings that are both "redundant, immaterial, impertinent, or scandalous" and prejudicial to the opposing party.

Second, IT IS ORDERED that the hearing in this matter is POSTPONED until **January 4, 2024, in Courtroom 5B U.S. Courthouse at 10:30 a.m.** at which time the plaintiffs may present evidence in support of their request and the defendants shall show cause why sanctions should not be imposed. All parties shall file prehearing memoranda outlining the allegations and evidence they wish to present **by January 2, 2024**.

Third, in the meanwhile pending this hearing IT IS ORDERED that all counsel and *pro se* litigants limit their communications to written exchanges in order to avoid any  ambiguities or misunderstandings and all parties are instructed to comply with Local Rule 83.2 which provides that individuals:

> [R]epresenting a party in a civil matter triable to a jury shall not make any extrajudicial statement that a reasonable person would expect to be disseminated by means of public communication if the lawyer or other person knows or reasonably should know that it will have a substantial likelihood of causing material prejudice to an adjudicative proceeding.
>
> (b) A statement referred to in LR 83.2(a) ordinarily is likely to have such an effect when it relates to:
>
> • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •
>
> (3) information the lawyer [or *pro se* litigant] knows or reasonably should know is likely to be inadmissible as evidence in a trial and would if disclosed create a substantial risk of prejudice to an impartial trial.

LR 83.2.

On this score all parties are advised that, in the court's view, exchanges between counsel and self-representing parties that involve homophobic, antisemitic, or racist statements, false accusations relating to such matters, false disparaging remarks, and threats to combine false disparagement with the public disclosure of personal identifying information of counsel or litigants violates Local Rule 83.2 since it is likely to be inadmissible as evidence in a trial and would if disclosed create a substantial risk of prejudice to an impartial trial.

So ordered this 18th day of December 2023.

/s/ Martin C. Carlson
Martin C. Carlson
United States Magistrate Judge