# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HOMESITE INS. CO. OF THE MIDWEST,** | : | Civil No. 1:22-CV-1664 |
| | : | |
| Plaintiff | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | |
| **OMAR EWIDEH, et al.,** | : | (Magistrate Judge Carlson) |
| | : | |
| **Defendants** | : | |

## MEMORANDUM ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This case is one of two related civil actions involving Omar Ewideh and Nivertiti Geaith as *pro se* litigants and Homesite Insurance Company. There is a remarkable quality to the litigation undertaken by these *pro se* parties. In a short span of time, Ewideh and Geaith have indulged in a breathtaking array of litigation mayhem and misconduct in these two cases. Moreover, they have, to an astonishing and unprecedented degree, been derelict in their duties as litigants. Thus, Ewideh and Geaith have repeatedly disobeyed or ignored court orders; have failed to respond to pleadings; have refused to file an answer to this complaint, despite being ordered to do so; and have persistently declined to provide discovery. The staggering array of defaults by Ewideh and Geaith have been thoroughly documented in our prior

decisions and Reports and Recommendations, which are incorporated by reference in this order. See e.g., Ewideh v. Homesite Ins. Co. of the Midwest, No. 1:23-CV-812, 2023 WL 5170379, at *1 (M.D. Pa. July 17, 2023); Ewideh v. Homesite Ins. Co. of the Midwest, No. 1:23-CV-812, 2023 WL 4552888, at *1 (M.D. Pa. July 14, 2023); Homesite Ins. Co. of the Midwest v. Ewideh, No. 1:22-CV-1664, 2023 WL 4471489, at *1 (M.D. Pa. July 11, 2023); Homesite Ins. Co. of the Midwest v. Ewideh, No. 1:22-CV-1664, 2023 WL 3794509, at *1 (M.D. Pa. June 2, 2023); Homesite Ins. Co. of the Midwest v. Ewideh, No. 1:22-CV-1664, 2023 WL 4138328, at *1 (M.D. Pa. May 30, 2023); Homesite Ins. Co. of the Midwest v. Ewideh, No. 1:22-CV-1664, 2023 WL 3035313, at *1 (M.D. Pa. Mar. 7, 2023), report and recommendation adopted sub nom. Homesite Ins. Co. of Midwest v. Ewideh, No. 1:22-CV-1664, 2023 WL 3866607 (M.D. Pa. Apr. 24, 2023); Homesite Ins. Co. of the Midwest v. Ewideh, No. 1:22-CV-1664, 2023 WL 426923, at *1 (M.D. Pa. Jan. 26, 2023).

On November 1, 2023, as we returned to duty as a recall magistrate judge, we received a referral from the district court of an emergency motion for protective order and sanctions filed by Homesite in this case, (Doc. 164), which alleged a new form of litigation misconduct by Ewideh and Geaith. Specifically, this motion alleges that these *pro se* defendants have engaged in a pattern of repeated and

abusive communications with Plaintiff's counsel, including profane, threatening, harassing, and insulting communications. (Id.)

At the direction of the district court and in order to address these on-going and escalating mutual concerns regarding the tone and tenor of communications between the parties, we have ordered the parties to appear on **January 4, 2024, in Courtroom 5B U.S. Courthouse at 10:30 a.m.** at which time the plaintiffs may present evidence in support of their request and the defendants shall show cause why sanctions should not be imposed. Additionally, we ordered all parties to file prehearing memoranda outlining the allegations and evidence they wish to present **by January 2, 2024**.

The defendants have now moved to continue this hearing, (Docs. 185, 186), but the appendix they attach to their motion, which documents an unprofessional and acrimonious exchange (Doc. 187), simply underscores why a prompt hearing to address these basic issues of civility is necessary. Accordingly, these motions to continue (Docs. 185, 186), are DENIED, and pending this hearing IT IS ORDERED that all counsel and *pro se* litigants limit their communications to written exchanges in order to avoid any ambiguities or misunderstandings.

In addition, all parties are instructed to comply with Local Rule 83.2 which provides that individuals:

> [R]epresenting a party in a civil matter triable to a jury shall not make any extrajudicial statement that a reasonable person would expect to be

3

disseminated by means of public communication if the lawyer or other person knows or reasonably should know that it will have a substantial likelihood of causing material prejudice to an adjudicative proceeding.

(b) A statement referred to in LR 83.2(a) ordinarily is likely to have such an effect when it relates to:

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

(3) information the lawyer [or *pro se* litigant] knows or reasonably should know is likely to be inadmissible as evidence in a trial and would if disclosed create a substantial risk of prejudice to an impartial trial.

LR 83.2.

On this score all parties are advised that, in the court's view, exchanges between counsel and self-representing parties that involve homophobic, antisemitic, or racist statements, false accusations relating to such matters, false disparaging remarks, and threats to combine false disparagement with the public disclosure of personal identifying information of counsel or litigants violates Local Rule 83.2 since it is likely to be inadmissible as evidence in a trial and would if disclosed create a substantial risk of prejudice to an impartial trial.

So ordered this 22d day of December 2023.

/s/ Martin C. Carlson
Martin C. Carlson
United States Magistrate Judge