IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HOMESITE INS. CO. OF THE MIDWEST,** | : | Civil No. 1:22-CV-1664 |
| | : | |
| Plaintiff | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | |
| **OMAR EWIDEH, et al.,** | : | (Magistrate Judge Carlson) |
| | : | |
| Defendants | : | |

## MEMORANDUM ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This case is one of two related civil actions involving Omar Ewideh and Nivertiti Geaith as *pro se* litigants and Homesite Insurance Company. There is a remarkable quality to the litigation undertaken by these *pro se* parties. In a short span of time, Ewideh and Geaith have indulged in a breathtaking array of litigation mayhem and misconduct in these two cases. Moreover, they have, to an astonishing and unprecedented degree, been derelict in their duties as litigants. Thus, Ewideh and Geaith have repeatedly disobeyed or ignored court orders; have failed to respond to pleadings; have refused to file an answer to this complaint, despite being ordered to do so; and have persistently declined to provide discovery. The staggering array of defaults by Ewideh and Geaith have been thoroughly documented in our prior

decisions and Reports and Recommendations, which are incorporated by reference in this order. See e.g., Ewideh v. Homesite Ins. Co. of the Midwest, No. 1:23-CV-812, 2023 WL 5170379, at *1 (M.D. Pa. July 17, 2023); Ewideh v. Homesite Ins. Co. of the Midwest, No. 1:23-CV-812, 2023 WL 4552888, at *1 (M.D. Pa. July 14, 2023); Homesite Ins. Co. of the Midwest v. Ewideh, No. 1:22-CV-1664, 2023 WL 4471489, at *1 (M.D. Pa. July 11, 2023); Homesite Ins. Co. of the Midwest v. Ewideh, No. 1:22-CV-1664, 2023 WL 3794509, at *1 (M.D. Pa. June 2, 2023); Homesite Ins. Co. of the Midwest v. Ewideh, No. 1:22-CV-1664, 2023 WL 4138328, at *1 (M.D. Pa. May 30, 2023); Homesite Ins. Co. of the Midwest v. Ewideh, No. 1:22-CV-1664, 2023 WL 3035313, at *1 (M.D. Pa. Mar. 7, 2023), report and recommendation adopted sub nom. Homesite Ins. Co. of Midwest v. Ewideh, No. 1:22-CV-1664, 2023 WL 3866607 (M.D. Pa. Apr. 24, 2023); Homesite Ins. Co. of the Midwest v. Ewideh, No. 1:22-CV-1664, 2023 WL 426923, at *1 (M.D. Pa. Jan. 26, 2023).

On November 1, 2023, as we returned to duty as a recall magistrate judge, we received a referral from the district court of an emergency motion for protective order and sanctions filed by Homesite in this case, (Doc. 164), which alleged a new form of litigation misconduct by Ewideh and Geaith. Specifically, this motion alleges that these *pro se* defendants have engaged in a pattern of repeated and

abusive communications with Plaintiff's counsel, including profane, threatening, harassing, and insulting communications. (Id.)

At the direction of the district court and in order to address these on-going and escalating mutual concerns regarding the tone and tenor of communications between the parties, we have ordered the parties to appear on **January 4, 2024, in Courtroom 5B U.S. Courthouse at 10:30 a.m.** at which time the plaintiffs may present evidence in support of their request and the defendants shall show cause why sanctions should not be imposed. Additionally, we ordered all parties to file prehearing memoranda outlining the allegations and evidence they wish to present **by January 2, 2024**.

The defendants then moved to continue this hearing, (Docs. 185, 186), but the appendix they attached to their motion, which documented an unprofessional and acrimonious exchange (Doc. 187), simply underscored why a prompt hearing to address these basic issues of civility is necessary. Accordingly, on December 22, 2023, we denied these motions to continue. (Doc. 188).

The defendants appealed this order, (Doc. 189), but to no avail since their appeal was denied. (Do. 190). Hours after their appeal was denied the defendants filed a motion to continue this hearing (Doc. 191), which for the first time alleged that the defendants were medically unavailable on the date set for this hearing. Notably, the defendants provided no evidentiary support for this belated assertion.

Instead, the defendants requested that the court schedule a telephonic conference "to potentially attempt to work out a resolution of the pending sanction requests without the need of protracted litigation." (Id.)

As submitted, this motion (Doc. 191) is DENIED. If the defendants have a medical justification for continuing this hearing, they should provide that justification to the court and plaintiff's counsel in writing and provide plaintiff's counsel with the means to independently verify these claims. Further, in the exercise of our discretion we DENY the request for a phone conference "to potentially attempt to work out a resolution of the pending sanction requests without the need of protracted litigation." Instead, if the defendants have a proposal for the resolution of the motion, or settlement of the litigation, they should provide that proposal directly to plaintiff's counsel. We can then address this matter in-person on **January 4, 2024, at 10:30 a.m**.

In addition, all parties are instructed to comply with Local Rule 83.2 which provides that individuals:

> [R]epresenting a party in a civil matter triable to a jury shall not make any extrajudicial statement that a reasonable person would expect to be disseminated by means of public communication if the lawyer or other person knows or reasonably should know that it will have a substantial likelihood of causing material prejudice to an adjudicative proceeding.
>
> (b) A statement referred to in LR 83.2(a) ordinarily is likely to have such an effect when it relates to:

(3) information the lawyer [or *pro se* litigant] knows or reasonably should know is likely to be inadmissible as evidence in a trial and would if disclosed create a substantial risk of prejudice to an impartial trial.

LR 83.2.

On this score all parties are advised that, in the court's view, exchanges between counsel and self-representing parties that involve homophobic, antisemitic, or racist statements, false accusations relating to such matters, false disparaging remarks, and threats to combine false disparagement with the public disclosure of personal identifying information of counsel or litigants violates Local Rule 83.2 since it is likely to be inadmissible as evidence in a trial and would if disclosed create a substantial risk of prejudice to an impartial trial.

So ordered this 2d day of January 2024.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge