## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HOMESITE INS. CO. OF THE MIDWEST,** | : | **Civil No. 1:22-CV-1664** |
| | : | |
| | : | |
| **Plaintiff** | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | |
| **OMAR EWIDEH, et al.,** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **Defendants** | : | |

## MEMORANDUM ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This case is one of two related civil actions involving Omar Ewideh and Nivertiti Geaith as *pro se* litigants and Homesite Insurance Company. There is a remarkable quality to the litigation undertaken by these *pro se* parties. In a short span of time, Ewideh and Geaith have indulged in a breathtaking array of litigation mayhem and misconduct in these two cases. Moreover, they have, to an astonishing and unprecedented degree, been derelict in their duties as litigants. Thus, Ewideh and Geaith have repeatedly disobeyed or ignored court orders; have failed to respond to pleadings; have refused to file an answer to this complaint, despite being ordered to do so; and have persistently declined to provide discovery. The staggering array of defaults by Ewideh and Geaith have been thoroughly documented in our prior

decisions and Reports and Recommendations, which are incorporated by reference in this order. See e.g., Ewideh v. Homesite Ins. Co. of the Midwest, No. 1:23-CV-812, 2023 WL 5170379, at *1 (M.D. Pa. July 17, 2023); Ewideh v. Homesite Ins. Co. of the Midwest, No. 1:23-CV-812, 2023 WL 4552888, at *1 (M.D. Pa. July 14, 2023); Homesite Ins. Co. of the Midwest v. Ewideh, No. 1:22-CV-1664, 2023 WL 4471489, at *1 (M.D. Pa. July 11, 2023); Homesite Ins. Co. of the Midwest v. Ewideh, No. 1:22-CV-1664, 2023 WL 3794509, at *1 (M.D. Pa. June 2, 2023); Homesite Ins. Co. of the Midwest v. Ewideh, No. 1:22-CV-1664, 2023 WL 4138328, at *1 (M.D. Pa. May 30, 2023); Homesite Ins. Co. of the Midwest v. Ewideh, No. 1:22-CV-1664, 2023 WL 3035313, at *1 (M.D. Pa. Mar. 7, 2023), report and recommendation adopted sub nom. Homesite Ins. Co. of Midwest v. Ewideh, No. 1:22-CV-1664, 2023 WL 3866607 (M.D. Pa. Apr. 24, 2023); Homesite Ins. Co. of the Midwest v. Ewideh, No. 1:22-CV-1664, 2023 WL 426923, at *1 (M.D. Pa. Jan. 26, 2023).

On November 1, 2023, as we returned to duty as a recall magistrate judge, we received a referral from the district court of an emergency motion for protective order and sanctions filed by Homesite in this case, (Doc. 164), which alleged a new form of litigation misconduct by Ewideh and Geaith. Specifically, this motion alleges that these *pro se* defendants have engaged in a pattern of repeated and

abusive communications with Plaintiff's counsel, including profane, threatening, harassing, and insulting communications. (Id.)

At the direction of the district court and in order to address these on-going and escalating mutual concerns regarding the tone and tenor of communications between the parties, we have ordered the parties to appear on **January 4, 2024, in Courtroom 5B U.S. Courthouse at 10:30 a.m.** at which time the plaintiffs may present evidence in support of their request and the defendants shall show cause why sanctions should not be imposed. Additionally, we ordered all parties to file prehearing memoranda outlining the allegations and evidence they wish to present **by January 2, 2024**.

The defendants then moved to continue this hearing, (Docs. 185, 186), but the appendix they attached to their motion, which documented an unprofessional and acrimonious exchange (Doc. 187), simply underscored why a prompt hearing to address these basic issues of civility is necessary. Accordingly, on December 22, 2023, we denied these motions to continue. (Doc. 188).

The defendants appealed this order, (Doc. 189), but to no avail since their appeal was denied.  (Do. 190). Hours after their appeal was denied the defendants filed a motion to continue this hearing (Doc. 191), which for the first time alleged that the defendants were medically unavailable on the date set for this hearing. Notably, the defendants provided no evidentiary support for this belated assertion.

Instead, the defendants requested that the court schedule a telephonic conference "to potentially attempt to work out a resolution of the pending sanction requests without the need of protracted litigation." (Id.)

On January 2, 2024, we entered an order which DENIED this motion. (Doc. 192). Later that same day, the defendants refiled the same motion which we denied *four* separate times, mislabeling these redundant filings as motions to remand. (Docs. 194-197). The defendants also filed a motion to stay proceedings which alleges enigmatically that "there is a suit in Philadelphia County Court of Common Pleas which will require this court to refrain from exercising jurisdiction when it lacks any." (Doc. 198). We denied these motions in an order dated January 3, 2024. (Doc. 200).

The defendants have now filed what is their *tenth* motion seeking to avoid or delay this hearing, averring an accident requiring them to go to the emergency room. This request is DENIED in part, as follows: Given the close proximity of this submission to the time of the scheduled hearing, the Court will proceed with the hearing today, **January 4, 2024, at 10:30 a.m**, to receive a proffer of evidence from the plaintiffs. The defendants are required to provide medical confirmation of this emergency **no later than 12:00 PM tomorrow, January 5th, 2024**. Upon

consideration of the medical proof, and the evidence proffered by the plaintiffs, we will make a determination as to what action, if any, is necessary at that time.

So ordered this 4th day of January 2024.


/s/ Martin C. Carlson
Martin C. Carlson
United States Magistrate Judge