## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HOMESITE INS. CO. OF THE MIDWEST, | : | Civil No. 1:22-CV-1664 |
| | : | |
| | : | |
| **Plaintiff** | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | |
| OMAR EWIDEH, et al., | : | (Magistrate Judge Carlson) |
| | : | |
| **Defendants** | : | |

## MEMORANDUM ORDER

### I.    Factual Background

This case is one of two related civil actions involving Omar Ewideh and Nivertiti Geaith as *pro se* litigants and Homesite Insurance Company. There is a remarkable quality to the litigation undertaken by these *pro se* parties. In a short span of time, Ewideh and Geaith have indulged in a breathtaking array of litigation mayhem and misconduct in these two cases. Moreover, they have, to an astonishing and unprecedented degree, been derelict in their duties as litigants. Thus, Ewideh and Geaith have repeatedly disobeyed or ignored court orders; have failed to respond to pleadings; have refused to file an answer to this complaint, despite being ordered to do so; and have persistently declined to provide discovery. The staggering array of defaults by Ewideh and Geaith have been thoroughly documented in our prior

decisions and Reports and Recommendations, which are incorporated by reference in this order. See e.g., Ewideh v. Homesite Ins. Co. of the Midwest, No. 1:23-CV-812, 2023 WL 5170379, at *1 (M.D. Pa. July 17, 2023); Ewideh v. Homesite Ins. Co. of the Midwest, No. 1:23-CV-812, 2023 WL 4552888, at *1 (M.D. Pa. July 14, 2023); Homesite Ins. Co. of the Midwest v. Ewideh, No. 1:22-CV-1664, 2023 WL 4471489, at *1 (M.D. Pa. July 11, 2023); Homesite Ins. Co. of the Midwest v. Ewideh, No. 1:22-CV-1664, 2023 WL 3794509, at *1 (M.D. Pa. June 2, 2023); Homesite Ins. Co. of the Midwest v. Ewideh, No. 1:22-CV-1664, 2023 WL 4138328, at *1 (M.D. Pa. May 30, 2023); Homesite Ins. Co. of the Midwest v. Ewideh, No. 1:22-CV-1664, 2023 WL 3035313, at *1 (M.D. Pa. Mar. 7, 2023), report and recommendation adopted sub nom. Homesite Ins. Co. of Midwest v. Ewideh, No. 1:22-CV-1664, 2023 WL 3866607 (M.D. Pa. Apr. 24, 2023); Homesite Ins. Co. of the Midwest v. Ewideh, No. 1:22-CV-1664, 2023 WL 426923, at *1 (M.D. Pa. Jan. 26, 2023).

This case now comes before us for consideration of a motion to compel filed by Ewideh and Geaith. (Doc 174). On one level this motion represents an exercise in legal hubris since the defendants move to compel discovery at a time when they have refused for six months to comply with court ordered discovery. Specifically, in May of 2023, we entered an order which plainly prescribed a timetable for this

litigation, and set a series of explicit deadlines for the defendants to come into compliance with their responsibilities as litigants, instructing the parties that:

> The defendants shall produce to plaintiff's counsel all documents, including recordings, responsive to the plaintiff's discovery requests, and all documents they believe are relevant to any claims or defenses in this case, **on or before Thursday, June 1, 2023**. **The failure to produce documents will result in the defendants being precluded from using any document not produced to support their claims or defenses.**

> During the conference, we notified the defendants that their dispositive motion, which was filed as a motion to dismiss under Rule 12 but which we converted to a motion for summary judgment under Rule 56, referenced exhibits but did not have the exhibits attached to the motion or supporting brief. Accordingly, the defendants shall refile their brief with supporting exhibits attached **no later than Tuesday, June 7, 2023.** The defendants are reminded that they will not be permitted to rely on any documents in support of their motion that are not produced to the plaintiff by the June 1 deadline.

> The plaintiff has filed a second motion for an entry of default against the defendants due to their failure to answer the complaint. (Doc. 101). Accordingly, the defendants shall file an answer to the complaint **no later than June 13, 2023.** The defendants shall do this by way of a motion requesting to file an answer outside of the time prescribed by the Court, since the deadline for filing an answer has now passed and should attach their answer to the complaint to the motion.

> \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

> We note that depositions of the defendants have been scheduled to take place on **June 28 and June 29, 2023**. All parties are on notice that they must appear for these deposition as scheduled.

(Doc. 107, ¶¶ 2-4, 7).

It is completely undisputed that the defendants have violated every aspect of this court order. Thus, the defendants have not produced the documentary discovery directed by the court. Further, they have never submitted the supplemental brief that they were ordered to file on June 7, 2023, along with the evidence they were relying upon to support their summary judgment motion. In addition, it is undisputed that Ewideh and Geaith violated this court's order directing the scheduling of depositions on June 28 and June 29, 2023, by failing to appear and testify as ordered. Finally, and most fundamentally, they completely ignored the court's order instructing them to answer the complaint by June 13, 2023.

Despite their longstanding disregard of their own court-ordered discovery responsibilities, Ewideh and Geaith now seek our intervention on their behalf in compelling further written and documentary discovery from the plaintiff. We will decline this invitation since: (1) the defendants come before us with unclean hands having failed to obey our discovery orders; (2) their motion to compel is fatally deficient since it unaccompanied by any brief; and (3) many of the defendants' discovery demands fail on their merits.

## II.    **Discussion**

Rulings regarding the proper scope of discovery are matters consigned to the court's discretion and judgment. A court's decisions regarding the conduct of

discovery will be disturbed only upon a showing of abuse of that discretion.

Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching

discretion also extends to rulings by United States Magistrate Judges on discovery

matters. In this regard:

> District courts provide magistrate judges with particularly broad
> discretion in resolving discovery disputes. See Farmers & Merchs.
> Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585
> (D.N.J. 1997). When a magistrate judge's decision involves a
> discretionary [discovery] matter . . ., "courts in this district have
> determined that the clearly erroneous standard implicitly becomes an
> abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224
> F.R.D. 169, 174 (E.D. Pa. 2004) (citing Scott Paper Co. v. United
> States, 943 F. Supp. 501, 502 (E.D. Pa. 1996)). Under the standard, a
> magistrate judge's discovery ruling "is entitled to great deference and
> is reversible only for abuse of discretion." Kresefky v. Panasonic
> Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J. 1996); see also
> Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45
> (N.D.N.Y. 1999) (holding that discovery rulings are reviewed under
> abuse of discretion standard rather than de novo standard); EEOC v.
> Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y. 2004) (holding that a
> magistrate judge's resolution of discovery disputes deserves substantial
> deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 2735702, at *1 (D.N.J. Sept. 27, 2010).

The exercise of this discretion is guided, however, by certain basic principles.

At the outset, Rule 26(b) of the Federal Rules of Civil Procedure generally defines

the scope of discovery permitted in a civil action, prescribes certain limits to that

discovery, and provides as follows:

> (b) Discovery Scope and Limits.
>
> (1) *Scope in General*. Unless otherwise limited by court order, the scope
> of discovery is as follows: Parties may obtain discovery regarding any
> nonprivileged matter that is relevant to any party's claim or defense and
> proportional to the needs of the case, considering the importance of the
> issues at stake in the action, the amount in controversy, the parties'
> relative access to relevant information, the parties' resources, the
> importance of the discovery in resolving the issues, and whether the
> burden or expense of the proposed discovery outweighs its likely
> benefit. Information within this scope of discovery need not be
> admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b).

Thus, our discretion is limited in a number of significant ways by the scope

of Rule 26 itself, which provides for discovery of only "nonprivileged matter that is

relevant to any party's claim or defense." Accordingly, "[t]he Court's discretion in

ruling on discovery issues is, therefore, restricted to valid claims of relevance and

privilege." Robinson v. Folino, No. 14-227, 2016 WL 4678340, at *2 (citing Jackson

v. Beard, No. 11-1431, 2014 WL 3868228, at *5 (M.D. Pa. Aug. 6, 2014) ("Although

'the scope of relevance in discovery is far broader than that allowed for evidentiary

purposes, it is not without its limits.' Courts will not permit discovery where a

request is made in bad faith, unduly burdensome, irrelevant to the general subject

matter of the action, or relates to confidential or privileged information") (internal
citations omitted)).

Therefore, at the outset, it is clear that Rule 26's definition of that which can
be obtained through discovery reaches any nonprivileged matter that is relevant to
any party's claim or defense, and valid claims of relevance and privilege still cabin
and restrict the court's discretion in ruling on discovery issues. Furthermore, the
scope of discovery permitted by Rule 26 embraces all relevant information, a
concept which is not confined to admissible evidence but is also defined in the
following terms: "Information within this scope of discovery need not be admissible
in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Rather, Rule 26 states that
"[p]arties may obtain discovery regarding any nonprivileged matter that is relevant
to any party's claim or defense." This concept of relevance is tempered, however, by
principles of proportionality. Thus, we are now enjoined to also consider whether
the specific discovery sought is "proportional to the needs of the case, considering
the importance of the issues at stake in the action, the amount in controversy, the
parties' relative access to relevant information, the parties' resources, the importance
of the discovery in resolving the issues, and whether the burden or expense of the
proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Thus, it
has been said that the amended rule 'restores the proportionality factors to their

original place in defining the scope of discovery.'" <u>Fassett v. Sears Holdings Corp.</u>, 319 F.R.D. 143, 150 (M.D. Pa. 2017) (quoting <u>Wertz v. GEA Heat Exchangers Inc.</u>, No. 1:14-CV-1991, 2015 WL 8959408, at *2 (M.D. Pa. Dec. 16, 2015)).

Further, in considering this motion, we are mindful that the party moving to compel discovery bears the initial burden of proving the relevance of the requested information. <u>Morrison v. Philadelphia Housing Auth.</u>, 203 F.R.D. 195, 196 (E.D. Pa. 2001).

Applying these benchmarks, in the exercise of our discretion we will deny this motion to compel.

At the outset, given the defendants' longstanding, contumacious refusal to comply with court orders directing them to provide discovery and submit to depositions, it would be fundamentally inequitable to allow them to continue to ignore their discovery duties but compel the plaintiffs to produce additional information. On this score, it is clear that a *pro se* party who fails to abide by his discovery obligations under the Federal Rules of Civil Procedure cannot invoke the court's assistance in moving to compel discovery. <u>See generally</u> <u>Manning v. Herman</u>, No. 1:13-CV-01426, 2016 WL 4991431, at *1 (M.D. Pa. Sept. 19, 2016). Therefore, this motion will be denied without prejudice to renewal when, and if, the defendants comply with their court-ordered discovery obligations.

In addition, the defendants' motion is procedurally flawed in that they have not submitted a brief in support of the motion as they are required to do by the rules of this court. On these facts, we are entitled to deem the motion, which is not supported by a brief which explains the defendant' entitlement to this additional discovery, to be withdrawn. See, e.g., Salkeld v. Tennis, 248 F. App'x 341 (3d Cir.2007) (affirming dismissal of motion under Local Rule 7.5); Booze v. Wetzel, 1:12-CV-1307, 2012 WL 6137561 (M.D. Pa. Nov. 16, 2012) report and recommendation adopted, 1:CV-12-1307, 2012 WL 6138315 (M.D. Pa. Dec. 11, 2012); Breslin v. Dickinson Twp., 1:09−CV−1396, 2011 WL 1577840 (M.D.Pa. Apr.26, 2011) Prinkey v. Tennis, No. 09−52, 2010 WL 4683757 (M.D.Pa. Nov.10, 2010) (dismissal under Local Rule 7.5); Griffin v. Lackawanna County Prison Board, No. 07−1683, 2008 WL 4533685 (M.D.Pa.Oct.6, 2008) (dismissal under Local Rule 7.6).

Finally, this motion fundamentally fails on its merits because we find that the defendants are not entitled to much of the discovery they seek. For example, the defendants make sweeping claims for production of income tax information, along with liability insurance data, from the plaintiffs. On this score:

> "[P]ublic policy favors the nondisclosure of income tax returns." DeMasi v. Weiss, 669 F.2d 114, 119 (3d Cir.1982). An individual's privacy interest in his tax returns must be weighed against factors including the opposing party's need for the information, its materiality,

and its relevance. See id. at 120. Whether tax returns are discoverable turns on whether (1) the tax returns are relevant to the subject matter of the action; and (2) there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable.

Jackson v. Unisys, Inc., No. CIV.A. 08-3298, 2010 WL 10018, at *2 (E.D. Pa. Jan. 4, 2010). In this case, while these requests might have had some colorable relevance in a damages lawsuit, this case is a declaratory judgment action where the plaintiff is simply seeking a determination regarding whether it has any continuing obligations to the defendants under an insurance policy. Since the plaintiff has not placed its income or liability insurance status at issue by seeking this declaratory judgment, the defendants' demands for this information will be denied. See generally, Farmers & Merchants Nat. Bank v. San Clemente Fin. Grp. Sec., Inc., 174 F.R.D. 572, 585 (D.N.J. 1997).

Likewise, the defendants have sought detailed employment and personnel records pertaining to a host of the plaintiff's employees.

In considering [such] request[s], we begin with the proposition that a "request for personnel information implicates the strong public policy against disclosure of such materials. See, e.g., Adams v. Allstate Ins. Co., 189 F.R.D. 331, 333 (E.D. Pa. 1999) (finding requests for personnel files of employees who worked on plaintiff's claim 'overbroad, and seek[ing] information that is unnecessarily invasive'); Stabilus v. Haynesworth, Baldwin, Johnson and Greaves, 144 F.R.D. 258, 266 (E.D. Pa. 1992) ('Defendant may not conduct general discovery into areas unrelated to its claims such as employee performance evaluations.'); see also Carlucci v. Maryland Casualty Co., 2000 WL 298925, at *2 (E.D. Pa. Mar. 14, 2000) (referring to the

'heightened relevancy standard when requesting the performance
evaluations'); <u>Cantor v. Equitable Life Assur. Soc'y of the United
States</u>, 1998 WL 306208, at *3 (E.D. Pa. June 9, 1998); <u>Kaufman v.
Nationwide Mut. Ins. Co.</u>, 1997 WL 703175, at *1 (E.D. Pa. 1997);
<u>Closterman v. Liberty Mut. Ins. Co</u>., 1995 WL 472105, at *2 (E.D. Pa.
Aug. 9, 1995). Plaintiff will thus be held to a heightened standard in the
context of these requests." <u>Santer v. Teachers Ins. & Annuity Ass'n</u>, No.
CIV.A. 06–CV–1863, 2008 WL 755774, at *6 (E.D. Pa. Mar. 18,
2008).

<u>Lawson v. Love's Travel Stops & Country Stores, Inc</u>., No. 1:17-CV-1266, 2020 WL

94078, at *3 (M.D. Pa. Jan. 8, 2020). The defendants have made no such heightened

showing here. Therefore, in the absence of a further showing of relevance, the

motion to compel disclosure of these personnel files will be denied at this time. In

the same vein, the defendants' demands for wholesale disclosure of communications

by counsel invade areas protected by both the attorney work product and attorney-

client privileges. Accordingly, the motion to compel further responses to these

broadly framed requests is also denied.

In sum, the defendants' motion to compel invites us to promote discovery

gamesmanship where Ewideh and Geaith ignore court ordered discovery obligations

but demand further discovery for the plaintiff. This motion is also procedurally

inadequate, since it is unsupported by a brief which explains why the defendants are

entitled to further discovery, and is substantively flawed since in many instances it

seeks information which is not properly discoverable. Therefore, the motion will be denied.

An appropriate order follows.

### III.   <u>Order</u>

For the foregoing reasons the defendants' motion to compel, (Doc. 174), is DENIED.

So ordered this 5th day of January 2024.


*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge