IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HOMESITE INS. CO. OF THE MIDWEST,** | : | Civil No. 1:22-CV-1664 |
| | : | |
| **Plaintiff** | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | |
| **OMAR EWIDEH, et al.,** | : | (Magistrate Judge Carlson) |
| | : | |
| **Defendants** | : | |

## MEMORANDUM ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This case is one of two related civil actions involving Omar Ewideh and Nivertiti Geaith as *pro se* litigants and Homesite Insurance Company. There is a remarkable quality to the litigation undertaken by these *pro se* parties. In a short span of time, Ewideh and Geaith have indulged in a breathtaking array of litigation mayhem and misconduct in these two cases. Moreover, they have, to an astonishing and unprecedented degree, been derelict in their duties as litigants. Thus, Ewideh and Geaith have repeatedly disobeyed or ignored court orders; have failed to respond to pleadings; have refused to file an answer to this complaint, despite being ordered to do so; and have persistently declined to provide discovery. The staggering array of defaults by Ewideh and Geaith have been thoroughly documented in our prior

decisions and Reports and Recommendations, which are incorporated by reference in this order. See e.g., Ewideh v. Homesite Ins. Co. of the Midwest, No. 1:23-CV-812, 2023 WL 5170379, at *1 (M.D. Pa. July 17, 2023); Ewideh v. Homesite Ins. Co. of the Midwest, No. 1:23-CV-812, 2023 WL 4552888, at *1 (M.D. Pa. July 14, 2023); Homesite Ins. Co. of the Midwest v. Ewideh, No. 1:22-CV-1664, 2023 WL 4471489, at *1 (M.D. Pa. July 11, 2023); Homesite Ins. Co. of the Midwest v. Ewideh, No. 1:22-CV-1664, 2023 WL 3794509, at *1 (M.D. Pa. June 2, 2023); Homesite Ins. Co. of the Midwest v. Ewideh, No. 1:22-CV-1664, 2023 WL 4138328, at *1 (M.D. Pa. May 30, 2023); Homesite Ins. Co. of the Midwest v. Ewideh, No. 1:22-CV-1664, 2023 WL 3035313, at *1 (M.D. Pa. Mar. 7, 2023), report and recommendation adopted sub nom. Homesite Ins. Co. of Midwest v. Ewideh, No. 1:22-CV-1664, 2023 WL 3866607 (M.D. Pa. Apr. 24, 2023); Homesite Ins. Co. of the Midwest v. Ewideh, No. 1:22-CV-1664, 2023 WL 426923, at *1 (M.D. Pa. Jan. 26, 2023).

On November 1, 2023, as we returned to duty as a recall magistrate judge, we received a referral from the district court of an emergency motion for protective order and sanctions filed by Homesite in this case, (Doc. 164), which alleged a new form of litigation misconduct by Ewideh and Geaith. Specifically, this motion alleges that these *pro se* defendants have engaged in a pattern of repeated and

2

abusive communications with Plaintiff's counsel, including profane, threatening, harassing, and insulting communications. (Id.)

At the direction of the district court and in order to address these on-going and escalating mutual concerns regarding the tone and tenor of communications between the parties, we ordered the parties to appear on **January 4, 2024, in Courtroom 5B U.S. Courthouse at 10:30 a.m.** to allow the plaintiffs to present evidence in support of their request and the defendants to show cause why sanctions should not be imposed. Additionally, we ordered all parties to file prehearing memoranda outlining the allegations and evidence they wished to present **by January 2, 2024**.

The defendants then moved to continue this hearing, (Docs. 185, 186), but the appendix they attached to their motion, which documented an unprofessional and acrimonious exchange, (Doc. 187), simply underscored why a prompt hearing to address these basic issues of civility is necessary. Accordingly, on December 22, 2023, we denied these motions to continue. (Doc. 188).

The defendants appealed this order, (Doc. 189), but to no avail since their appeal was denied. (Doc. 190). Hours after their appeal was denied the defendants filed a motion to continue this hearing (Doc. 191), which for the first time alleged that the defendants were medically unavailable on the date set for this hearing. Notably, the defendants provided no evidentiary support for this belated assertion.

Instead, the defendants requested that the court schedule a telephonic conference "to potentially attempt to work out a resolution of the pending sanction requests without the need of protracted litigation." (Id.)

On January 2, 2024, we entered an order which DENIED this motion. (Doc. 192). Later that same day, the defendants refiled the same motion which we denied *four* separate times, mislabeling these redundant filings as motions to remand. (Docs. 194-197). The defendants also filed a motion to stay proceedings which alleges enigmatically that "there is a suit in Philadelphia County Court of Common Pleas which will require this court to refrain from exercising jurisdiction when it lacks any." (Doc. 198). We denied these motions in an order dated January 3, 2024. (Doc. 200).

The defendants then filed what is their ninth motion seeking to avoid or delay this hearing arguing that "there is no diversity in this case to be shown in the motion to remand also at this juncture there is a suit in Philadelphia County Court of Common Pleas which will require this court to refrain from exercising jurisdiction when it lacks any." (Doc. 201). In support of this novel assertion the defendants attach a document which purports to show the existence of a non-party corporate entity, Homesite Insurance Company of Pennsylvania, which the defendants apparently believe deprives this court of jurisdiction. (Doc. 201-1). On January 3,

4

we denied this motion and instructed the defendants to appear in court as previously directed on January 4, 2024, at 10:30 a.m. (Doc. 202).

Less than two hours before this scheduled hearing, the defendants filed what was their *tenth* motion seeking to avoid or delay this hearing, averring a sudden accident required them to go to the emergency room. (Doc. 204). Given the defendants past adamant refusal to obey court orders directing them to respond to this sanctions motion, and their increasingly strident efforts to avoid, postpone or cancel this hearing, we regarded the timing of this motion and claimed medical emergency with caution. In this regard, our caution was heightened by the fact that Ewideh had essentially predicted one week earlier, on December 29, 2023, that he would suffer a sudden medical emergency if he was required to appear on January 4, 2024, to justify and defend his conduct. In this December 29 motion seeking to avoid this hearing Ewideh foreshadowed, without further explanation or proof, that he would be "unavailable on the date of the conference due to medical reasons" if we insisted on his presence in court. (Doc. 191).

While this type of literary foreshadowing of future events may be appropriate in fiction, in a fact bound profession like the law Ewideh's astonishing prescience which enabled him, on December 29, 2023, to predict that a sudden medical emergency would take place on January 4, 2024, raised reasonable concerns.

5

Accordingly, we denied this motion to continue, in part, and proceeded with the hearing to receive a proffer of evidence from the plaintiffs. We also ordered the defendants to provide medical confirmation of this emergency **no later than 12:00 PM January 5th, 2024**. (Doc. 205).

Ewideh failed to comply with this deadline to provide medical confirmation of this emergency, and his tardy submission was woefully inadequate. That submission appears to be a form letter which simply stated: "Omar J Ewideh was seen in my office on 1/4/2024. Please excuse Omar from appointment on 1/4/2024." (Doc. 206). This submission was totally insufficient in at least four ways. First, it was entirely lacking in context. Thus, there is no indication that the caregiver who completed this form letter was aware of Ewideh's history of violating court orders and understood that the caregiver was being called upon to justify what was otherwise a contempt of court. Second, the form letter was completely lacking in substance. The form letter lacks any medical details regarding the nature, extent, and severity of any of Ewideh's physical conditions, information which is essential to making an informed decision regarding whether to grant the defendant a medical excuse from this hearing. Third, given Ewideh's history of litigative malingering, any medical excuse letter needs to address the question of whether Ewideh also has a history of medical malingering. Finally, in this setting, in order to pass muster, a

medical excuse letter must include an opinion by the caregiver, stated with a reasonable degree of medical certainty, that Ewideh was physically unable to attend court on January 4, 2024.

Given the obvious inadequacies in this proffered submission, IT IS ORDERED that this medical excuse letter, (Doc. 206), is REJECTED. IT IS FURTHER ORDERED that if the defendants seek to be medically excused from attending court on January 4, Ewideh must FORTHWITH[1] submit a revised medical excuse letter which:

First, states that the medical source has read this order and understands the legal context of this excuse request.

Second, provides a full and complete description of Ewideh's presenting medical concerns on January 4, 2024, including a comprehensive assessment of the nature, extent, and severity of any of Ewideh's physical conditions.

Third, the medical excuse must provide an opinion, stated with a reasonable degree of medical certainty, regarding whether Ewideh is a malingerer, and whether Ewideh was physically unable to attend court on January 4, 2024.

---

[1] To be clear, a submission must be received no later that **12:00 p.m. January 9, 2024.**

Finally, the medical source must state whether the caregiver would be available to provide testimony in federal court regarding these matters should it become necessary.

Finally, IT IS ORDERED that if the defendants fail to comply with this order the defendants' failure to appear on January 4, 2024, will be deemed unexcused.

So ordered this 8th day of January 2024.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge