**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| HOMESITE INSURANCE COMPANY OF THE MIDWEST, | : | No. 1:22cv1664 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| | : | |
| | : | (Magistrate Judge Carlson) |
| v. | : | |
| | : | |
| NIVERTITI GEAITH and OMAR EWIDEH, | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM**

Before the court are three (3) reports and recommendations ("R&Rs") of Magistrate Judge Martin C. Carlson in this declaratory judgment action filed by Plaintiff Homesite Insurance Company of the Midwest ("Homesite"). Defendants Nivertiti Geaith and Omar Ewideh proceed *pro se* in this matter.

Magistrate Judge Carlson recommends that defendants' motion for summary judgment be dismissed. (Doc. 137). He also recommends that default judgment be entered against defendants due to their misconduct during the litigation. (Docs. 139, 222). Defendants have filed a general objection to the most recent R&R dated January 16, 2024. (Doc. 241). These matters are ripe for disposition.[1]

---

[1] The Honorable Christopher P. Conner transferred this matter to the undersigned on November 7, 2023.

**Background**

This case involves a dispute between an insurer and their insureds over the payment of two homeowners' insurance claims.  (See Doc. 1, Complaint).  To date, Homesite has paid $294,795 to defendants on these claims. (Id. ¶ 56). Notwithstanding this payment, defendants continue to demand the full extent of all coverages under the insurance policy while allegedly interfering with Homesite's investigation of the claims, failing to provide a recorded statement, denying an inspection, and failing to provide supporting documents. (Id. ¶¶ 57-110).  Homesite also contends that defendants intentionally concealed facts, misrepresented other facts, and made false statements as the claims were being adjusted. (Id. ¶¶ 112-124).

In addition, Homesite alleges that defendants have engaged in "extreme" conduct during the handling of the claim, including "repeatedly and continuously contacting multiple claims representatives, customer service representatives, and supervisors via both telephone and email for extended periods of time during a single day asserting unsubstantiated demands and threats, all in an effort to intimidate Plaintiff to authorize unwarranted payments and in an effort to interfere with the investigation process." (Id. ¶ 111).  Accordingly, Homesite seeks a declaration that: 1) plaintiff adjusted the claims properly; 2) defendants breached

2

their duty to cooperate under the policy; 3) defendants are barred from further recovery on the two claims; and 4) there is no further coverage on the policy for the claims in dispute. (Id., *ad damnum* clause).

The record reflects a procedural morass following the filing of the complaint. The court will thus only address filings relevant to the disposition of each R&R.

The R&R dated July 11, 2023 concerns a motion to dismiss/motion for summary judgment filed by defendants. [2] (Doc. 67). This R&R also addresses Homesite's motion to dismiss defendant's motion. (Doc. 112). Homesite's motion is premised upon defendants' failure to provide discovery.

---

[2] Because defendants' motion to dismiss/motion for summary judgment raised matters outside the pleadings, Magistrate Judge Carlson converted defendants' motion to a motion for summary judgment and directed the parties to engage in discovery. (Doc. 74). The magistrate judge advised defendants that they were to permit full and fair discovery of the contested matters. Magistrate Judge Carlson advised defendants that the failure to do so might result in sanctions including the exclusion of evidence or the entry of adverse judgments. (Id., p. 3).

In response, defendants filed suit against Homesite, its counsel in this action, and other parties. See Ewideh v. Homesite, 23cv812 (M.D. Pa). Defendants also filed suit in the Eastern District of Pennsylvania. See Ewideh v. Homesite Ins. Co. of the Midwest, No. 23-CV-2590, 2024 WL 247056, at *1-*2 (E.D. Pa. Jan. 23, 2024)(warning Defendant Ewideh about his abusive conduct toward Homesite's counsel and disrespect of the court in that action); Ewideh v. Homesite Ins. Co. of the Midwest, No. 23-CV-2590, 2024 WL 493426, at *1, *4-*5 (E.D. Pa. Feb. 7, 2024)(addressing the earlier filed lawsuit in this district court concerning "largely the same parties and claims[,]" admonishing defendants for "tak[ing] advantage of the judicial system" by filing in the Eastern District of Pennsylvania, and transferring that action to this district court). Upon transfer of the second matter filed by defendants against Homesite and its counsel, the two actions were consolidated. See Ewideh v. Homesite, 24cv241 (M.D. Pa).

3

The R&R dated July 13, 2023 addresses Homesite's motion for entry of default. (Doc. 101). That motion seeks entry of default by the Clerk of Court pursuant to Federal Rule of Civil Procedure 55(a) and is based upon defendants' failure to answer the complaint. (Id.) In disposing of the motion for default, the magistrate judge recommends that default judgment be entered against defendants based on defendants' misconduct in the litigation. (Doc. 139).

The January 16, 2024 R&R concerns Homesite's emergency motion for a protective order and a motion for sanctions. (Docs. 164, 214 (supplement)). Related to the earlier recommendation, the January 16, 2024 R&R assesses additional litigation misconduct by defendants and again recommends entering default judgment. (Doc. 222). This R&R further details defendants' vexatious and dilatory conduct in the litigation, abusive communications and threats directed at plaintiff's counsel, and deceptive behaviors in not appearing for scheduled proceedings. (Id. at 11-22).

Defendants have filed a general objection to the January 16, 2024 R&R asserting that Homesite is not entitled to default judgment nor any sanctions. (Doc. 241). Defendants' objection brings this matter to its present posture.[3]

---

[3] Defendants did not timely file objections to the July 11, 2023 and July 13, 2023 R&Rs despite the court's extension of the deadline to January 12, 2024. (See Doc. 211). On January 11, 2024, defendants filed two motions for recusal regarding Magistrate Judge Carlson, (Docs. 217-218), which were denied that same date, (Doc. 219). Defendants also filed other

**Jurisdiction**

The court has jurisdiction pursuant to the diversity statute, 28 U.S.C. §
1332. Homesite is incorporated under the laws of the Commonwealth of
Massachusetts with its principal place of business in Boston, Massachusetts.
(Doc. 1, Complaint, ¶ 1). Defendants are citizens of Pennsylvania. (Id., ¶¶ 3-4).
Additionally, the amount in controversy exceeded $75,000 at the time this matter
was commenced. Because complete diversity of citizenship exists among the
parties and the amount in controversy exceeded $75,000 at the commencement
of the action, the court has jurisdiction over this case. See 28 U.S.C. § 1332
("district courts shall have original jurisdiction of all civil actions where the matter
in controversy exceeds the sum or value of $75,000, exclusive of interest and
costs, and is between . . . citizens of different states[.]"); 28 U.S.C. § 1441 (A
defendant can generally move a state court civil action to federal court if the
federal court would have had original jurisdiction to address the matter pursuant
to the diversity jurisdiction statute). As a federal court sitting in diversity, the
substantive law of Pennsylvania shall apply to the instant case. Chamberlain v.
Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tomkins, 304
U.S. 64, 78 (1938)).

---

documents. (See Docs. 220-221). On April 12, 2024, defendants requested expedited
disposition of these pending motions. (Doc. 269).

**Legal Standard**

No objections to the July 11, 2023 R&R and July 13, 2023 R&R were timely filed and the time for such filing has passed despite the extension afforded by the court.  In deciding whether to adopt reports and recommendations when no timely objections are filed, the court must determine if a review of the record evidences plain error or manifest injustice. FED. R. CIV. P. 72(b), 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

Defendants filed an objection to the January 16, 2024 R&R recommending that default judgment be entered as a sanction.  (See Doc. 241). When a party files objections to a magistrate judge's report and recommendation on a dispositive motion, the district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987).  This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The district court

6

judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

Defendants' objection, however, is a general objection. Providing a complete *de novo* determination where only a general objection to an R&R is offered, "would undermine the efficiency the magistrate system was meant to contribute to the judicial process." Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984). "To obtain *de novo* determination of a magistrate's findings by a district court, 28 U.S.C. § 636(b)(1) requires both timely and specific objections to the report." Id. at 7. "In this regard, [Middle District of Pennsylvania Local Rule] 72.3 requires 'written objections which ... specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for those objections.'" Boomer v. Lewis, No. 3:06-CV-0850, 2009 WL 2900778, at *1 (M.D. Pa. Sept. 9, 2009)(Vanaskie, J.)(citing M.D. PA. L.R. 72.3), aff'd, 541 F.App'x. 186 (3d Cir. 2013). "Where only general objections are asserted, review may properly be limited to ascertaining whether there is 'clear error' or 'manifest injustice' ". Id. (citation omitted).

The July 11, 2023 R&R recommends dismissing defendants' motion to dismiss/motion for summary judgment. The July 13, 2023 and January 16, 2024 R&Rs recommend the entry of default judgment against defendants. The court

7

will address the July 11, 2023 R&R before turning to the July 13, 2023 and
January 16, 2024 R&Rs.

**Analysis**

### 1. The July 11, 2023 R&R (Doc. 137)

Magistrate Judge Carlson recommends that defendant's motion to
dismiss/motion for summary judgment be dismissed without prejudice "to renewal
of the motion when and if the defendants comply with their responsibilities as
litigants." (Doc. 137, p. 14).   The R&R details defendants' obstructive conduct
during discovery, including "frivolous filings, failures to abide by court-ordered
deadlines, and repeated motions to stay or delay the legal process." (Id. at 2).
The magistrate judge describes defendants' conduct as "transmogrif[ying]
discovery into some cynical asymmetrical game, where they ignore court orders
and evade their discovery responsibilities while demanding unfairly favorable
treatment from the courts and opposing parties." (Id. at 3).

After a careful review, the court finds neither clear error on the face of the
record nor a manifest injustice.  Defendants failed to answer discovery and
appear for their depositions as ordered. (Docs. 74, 107, 112; see also Doc. 137,
07/11/23 R&R, at 4-6, see also Doc. 222, 01/16/24 R&R at 9, n. 1).  Accordingly,

8

the court will adopt the July 11, 2023 R&R and grant Homesite's motion to dismiss defendants' motion to dismiss/motion for summary judgment.

## 2. The July 13, 2023 R&R (Doc. 139) and January 16, 2024 R&R (Doc. 222)

The court next addresses the recommendation that default judgment be entered against defendants as a sanction for their misconduct during the litigation. Because the January 16, 2024 R&R supersedes the July 13, 2023 R&R, the court focuses its review on the analysis contained in the most recent R&R regarding sanctions.

On October 24, 2023, Homesite moved for sanctions based on Defendant Ediweh's persistent personal attacks, harassment, and threats toward Homesite's counsel. (Doc. 164). In a letter dated December 15, 2023, Homesite's counsel advised the court that attacks were continuing. (Doc. 177). The court then referred the matters to Magistrate Judge Carlson. (Doc. 178). Magistrate Judge Carlson scheduled a hearing. (Docs. 179, 183). Defendants appealed the decision to schedule a hearing, (Doc. 189), and the court denied that appeal. (Doc. 190). Defendants ultimately failed to appear at the hearing before the magistrate judge.[4] (Doc. 210). Magistrate Judge Carlson now

---

[4] While the related case was pending in the Eastern District of Pennsylvania, Homesite contemporaneously filed a motion for enforcement of civility in that matter. (Ewideh v. Homesite, 24cv241, Doc. 23). Judge Pratter scheduled a hearing six days after Magistrate

recommends that default judgment is the appropriate sanction under the circumstances.

The entry of default judgment as a sanction is drastic and extreme. <u>Poulis v. State Farm Fire & Cas. Co.</u>, 747 F.2d 863, 867–68 (3d Cir. 1984)(citing <u>Nat'l Hockey League v. Metro. Hockey Club, Inc.</u>, 427 U.S. 639, 643 (1976)).  In <u>Poulis</u>, the Third Circuit Court of Appeals directed courts to apply a six-factor balancing test to assure that the sanction of default judgment "is reserved for instances in which it is justly merited." <u>Id.</u> at 870.  These factors govern entry of default judgment as a sanction under Rule 37(b)(2) for failure to respond to discovery, Rule 41(b) for failure to prosecute, Rule 55(b) for a failure to plead or otherwise defend, and when a court imposes sanctions that are tantamount to default judgment. <u>Knoll v. City of Allentown</u>, 707 F.3d 406, 409 (3d Cir. 2013)(collecting cases); <u>Anchorage Assocs. v. Virgin Islands Bd. of Tax Review</u>, 922 F.2d 168, 177 (3d Cir. 1990)(citations omitted).

The <u>Poulis</u> factors include: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4)

---

Judge Carlson's hearing.  Likewise, the defendants failed to appear in the Eastern District. Judge Pratter determined that Defendant Ewideh's representations to the court trying to avoid the hearing were "neither truthful nor accurate." <u>Ewideh</u>, 2024 WL 247056, at *2 (footnote omitted).

whether the conduct of the party was willful or in bad faith; (5) the effectiveness

of sanctions other than dismissal, which entails an analysis of alternative

sanctions; and (6) the meritoriousness of the claim or defense. Id. at 868.  The

sixth Poulis factor, meritoriousness of a claim or defense, is of paramount

importance since default judgment deprives a party of their day in court. See

Knoll, 707 F.3d at 409.

Although Magistrate Judge Carlson did not reference Poulis by name, he

engaged in discussion and balancing of those factors.  Regarding the extent of

defendants' personal responsibility, the history of dilatoriness, and whether

defendants' acted willfully and in bad faith, the magistrate judge detailed an array

of misconduct since the inception of the litigation: 1) repeated and flagrant

violations of court orders; 2) the failure to timely file an answer[5]; 3) failing to

---

[5] Federal Rule of Civil Procedure 12(a) governs the time to serve a responsive pleading. Generally, a defendant must serve an answer within twenty-one (21) days after being served with the summons and complaint. Fed. R. Civ. P. 12(a)(1)(A).   The effect of a motion filed under Rule 12(b) alters that period to fourteen (14) days after notice of the court's action if the court denies the motion or postpones its disposition until trial unless the court sets a different time. Fed. R. Civ. P. 12(a)(4)(A).

Here, defendants were served with the complaint in this action on December 22, 2022.  (Doc. 8).  They filed a motion to dismiss on January 26, 2023 for failure to join indispensable parties. (Docs. 18-19).  By way of order dated April 24, 2023, Judge Conner denied defendant's motion to dismiss. (Doc. 53).  Judge Conner permitted defendants to file a motion for judgment on the pleadings, motion for summary judgment, or a renewed motion to dismiss "to the extent defendants believe the court lacks jurisdiction" on a ground other than those raised in the motion to dismiss that was denied. (Id.)

answer discovery or appear for depositions as ordered; 4) filing frivolous motions and appeals[6]; 5) filing suit against Homesite and its counsel in this court, attempting to discontinue that action, and then filing another lawsuit against Homesite and its counsel in the Eastern District of Pennsylvania; 6) repeatedly threatening, harassing, and sending abusive communications to Homesite's counsel; 7) filing ten (10) motions to avoid a hearing on Homesite's motion for sanctions; 8) failing to appear at that hearing; 9) attempting to proffer an excuse note from a clinic after failing to appear, which contradicted averments in a motion to continue the hearing; and 10) threatening to sue affiants who filed declarations in support of Homesite's sanctions motion. (Doc. 222, p. 1-22, 25, 32-34).

Magistrate Judge Carlson's analysis of these <u>Poulis</u> factors are supported by the record. Antagonism was defendants' *modus operandi* from the initiation of

---

On May 11, 2023, defendants responded to Judge Conner's order with the above referenced motion to dismiss/motion for summary judgment. (Doc. 67). Defendants again raised the indispensable parties issue and other matters outside the pleadings. (See <u>Id.</u> ¶ 13). Magistrate Judge Carlson appropriately construed this motion as a motion for summary judgment and his directive to defendants to file an answer was not plain error. (See Doc. 74).

A review of the record reflects that the defendants' answer was due by rule on May 8, 2023. Magistrate Judge Carlson extended that time until May 26, 2023. (Doc. 91). Defendants then filed an answer on July 31, 2023. (Doc. 147). Regardless of any convolution created by defendants before or after the filing of the answer, defendants failed to answer the complaint in a timely manner as ordered.

[6] The court also notes defendants' efforts to burden the record with repeated filings of the same document. (See Docs. 18-19, 160-161, 181-182, 194-197, 262-268).

this suit.[7]  Shortly after service of the complaint, in January 2023, Homesite

sought a conference with Magistrate Judge Carlson due to a "barrage of emails

daily which include[d] threats, accusations, personal attacks directed to claim

representatives, counsel, and the Plaintiff [and] reference to unrelated issues

including gender affiliation, the religion of all parties including counsel, alleged

prejudices, various unrelated stresses, and false and immaterial allegations."

(Doc. 21).  On February 1, 2023, the magistrate judge ordered the parties to

conduct communications in a polite and professional fashion. (Doc. 22).

        Defendant Ewideh continued sending abusive emails to Homesite's

counsel.[8]  (Doc. 46).  On April 18, 2023, Magistrate Judge Carlson ordered

defendants to "refrain from engaging in personal invective." (Doc. 48).  Despite

direct admonishments, Defendant Ewideh persisted in his efforts to put threats

and *ad hominem* attacks above all else in this litigation.[9] (Docs. 164-1, 164-2).

---

[7] An e-mail from Defendant Ewideh to Homesite's counsel prior to service states, in part: "You open pandora's box. [sic]" (Doc. 5-8).  Further he threatens: "I have already involved the disciplinary counsel for the Supreme Court Of Pennsylvania[sic][.]" (Id.)

[8] Defendant Ewideh began one missive to Homesite's counsel with, "I would really love to know if you're conscious when you write these emails[.]" (Doc. 46-2, p. 6).  He peppered responses to Homesite's requests for photographs of electrical work at the residence with references to pedophiles and prisons and intimations that Homesite's counsel would use such images in a deviant sexual manner. (Doc. 46-2, p. 1-2).

[9] See also Ewideh, 2024 WL 247056 (detailing the nature of these communications with Homesite's counsel).

Being called to task by Magistrate Judge Carlson and Judge Pratter has apparently only emboldened Defendant Ewideh. (See Docs. 235-1, 244-1).

Additionally, Magistrate Judge Carlson detailed the prejudice to Homesite from defendants' numerous failures to provide court-ordered discovery and to appear at court-ordered depositions. (Doc. 222, p. 12, 28-29, 34-37).  The magistrate judge also considered alternative sanctions, but found none under circumstances where lesser sanctions previously failed. (Id., p. 36-37).  Magistrate Judge Carlson also ruled out monetary sanctions based on defendants' *pro se* status. (Id.)

The magistrate judge's review of these Poulis factors is likewise supported by the record.  Magistrate Judge Carlson addressed defendants' discovery deficiencies at an in-person conference and issued deadlines for production of documents and for defendants to appear for their depositions. (Doc. 107).  Defendants simply chose to ignore these orders.

Next, the court considers the sixth Poulis factor, the meritoriousness of the defenses raised in this case.  The magistrate judge found that a merits consideration called for the entry of judgment in favor of Homesite. (See Doc. 222 at 37).

14

The Third Circuit Court of Appeals has "repeatedly acknowledged that 'dismissals with prejudice or defaults are drastic sanctions' that 'must be a sanction of last, not first, resort[,]'" and instructed that, "[w]ithout a doubt, cases should be decided on the merits barring substantial circumstances in support of the contrary outcome." Hildebrand v. Allegheny Cnty., 923 F.3d 128, 132 (3d Cir. 2019)(collecting cases); Knoll, 707 F.3d at 409 (collecting cases). "A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." Poulis, 747 F.2d at 869–70.

The defenses in this matter cannot be discerned from any of the defendants' filings. Their belated answer consists almost entirely of blanket, general denials. (Doc. 147). No affirmative defenses are raised. (Id). Furthermore, defendants' motion to dismiss/motions for summary judgment relies on exhibits that are not attached. (Doc. 67). Over the course of several months since the filing of that motion, defendants have filed documents with no explanation or argument as to how these documents relate to a defense. Relentless antagonism is not a defense. Obfuscation is not a defense. Barrages of *non sequiturs* are not defenses. Neither are threats or intimidations. After

15

careful consideration of the record, there are no meritorious defenses raised in this case.

The court will thus adopt the January 16, 2024 R&R and enter default judgment in favor of Homesite and against defendants.  The court will adopt the magistrate judge's conclusion from the July 13, 2023 R&R.  Based on the entry of default judgment, Homesite's declaratory relief will be granted.

**Conclusion**

For the reasons set forth above, the court adopts the recommendations of the magistrate judge in the July 11, 2023 and January 16, 2024 R&Rs and adopts the conclusion from the July 13, 2023 R&R.  (Docs. 137, 139, 222). Homesite's motion to dismiss defendants' motion to dismiss/motion for summary judgment (Doc. 112) is granted.  Defendants' motion to dismiss/motion for summary judgment (Doc. 67) is dismissed.

Homesite's motion for sanctions (Doc. 164) is granted.  Default judgment is entered in favor of Homesite and against defendants.  The entry of default judgment moots Homesite's motion for entry of default. (Doc. 101).

Additionally, the following declaratory judgment is entered in favor of Homesite and against defendants:

16

a. Plaintiff Homesite Insurance Company of the Midwest properly, adequately and completely adjusted Claim Nos. 01004564122 and 01004577379;

b. Defendants Nevertiti Geaith and Omar Ewideh, have breached their duty to cooperate under the Policy No. 38238426, which breach has prejudiced Plaintiff Homesite Insurance Company of the Midwest;

c. Defendants, Nevertiti Geaith and Omar Ewideh are barred from further recovery for Claim Nos. 01004564122 and 01004577379; due to fraud, misrepresentation, and concealment of material facts; and

d. There is no further coverage under Policy No. 38238426 for Claim Nos. 01004564122 and 01004577379.

Furthermore, all other pending motions on the docket (Docs. 227, 235, 243, 244, 257, and 269) are dismissed as moot.  The Clerk of Court is directed to close this case.  An appropriate order follows.

Date: 4/22/24

JUDGE JULIA K. MUNLEY
United States District Court

17