IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HOMESITE INSURANCE COMPANY OF THE MIDWEST, | : | No. 1:22cv1664 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| | : | |
| | : | (Magistrate Judge Carlson) |
| v. | : | |
| | : | |
| NIVERTITI GEAITH and OMAR EWIDEH, | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM

Before the court is Defendants Nivertiti Geaith and Omar Ewideh's "motion to set aside default judgement" filed on April 25, 2024. (Doc. 281). To address this motion, the court must also address defendants' "motion for reassignment." (Doc. 279).

## Background

This case involves a dispute between an insurer and their insureds over the payment of two homeowners' insurance claims. (See Doc. 1, Complaint). Plaintiff Homesite Insurance Company of the Midwest initiated this action based, in part, on defendants' extreme conduct during the adjustment of the claims and their failure to cooperate with their insurance company. (Id. ¶¶ 57-124). As discussed in the prior memorandum, (Doc. 275), the magistrate judge's reports and recommendations ("R&Rs") in this case, (Docs. 41, 118, 139, 222), his pre-

trial orders[1], and in two decisions from the Eastern District of Pennsylvania, Ewideh v. Homesite Ins. Co. of the Midwest, No. 23-CV-2590, 2024 WL 247056 (E.D. Pa. Jan. 23, 2024); Ewideh v. Homesite Ins. Co. of the Midwest, 2024 WL 493426 (E.D. Pa. Feb. 7, 2024), the self-represented defendants approached the ensuing litigation with similar conduct while repeatedly defaulting on court-imposed deadlines to file an answer, respond to plaintiff's discovery, and appear for depositions.

As a result of defendants' conduct and their cascading defaults in this litigation, the magistrate judge recommended that default judgment be entered against the defendants in response to plaintiff's motion for sanctions. (Doc. 222). Finding no plain error or manifest injustice under the circumstances presented to the court, the undersigned adopted the recommendations, entered default judgment against defendants, and granted the relief requested by plaintiff in its complaint. (Docs. 275-276).

Within minutes of the entry of the court's order, defendants filed a notice of appeal, (Docs. 277, 278 (as amended)) and the motion for reassignment, (Doc.

---

[1] (See Docs. 59, 74, 76, 80, 81, 91, 93, 100, 105, 107, 126, 135, 170, 179, 183, 188, 192, 200, 202, 205, 208, 210, 216, 219).

279). The next day, defendants filed a motion to set aside the default judgment. (Doc. 281). These motions are ripe for disposition.[2]

**Analysis**

    **1. Motion for Reassignment**

Following an adverse ruling, the defendants now move for "reassignment" of this matter. (Doc. 279). Attached to defendants' motion is an August 5, 2022 reply email to Defendant Omar Ewideh from a case intake paralegal at Munley Law, P.C. (Doc. 280). From this lone email, it appears Defendant Ewideh sent numerous emails to Munley Law, P.C. and a staff member advised him that she would be forwarding his emails to an attorney that handles insurance litigation. (Id.) Defendant Ewideh's emails are not attached, nor are any further responses from the law firm. In the motion, defendants do not reference the email or make any arguments connecting this email to any grounds for recusal. Based on this email, however, the court construes defendants' motion as a motion for disqualification pursuant to 28 U.S.C. § 455.[3]

---

[2] The Third Circuit Court of Appeals has stayed the appeal pending disposition of the motion to set aside default judgment. Homesite Ins. Co. v. Geaith, No. 24-1751 (3d Cir.), Doc. 4

[3] See Erickson v. Pardus, 551 U.S. 89, 94 (2007)(citation omitted)(noting that *pro se* filings are to be construed liberally);

3

A judge shall recuse herself in a proceeding in which her impartiality might reasonably be questioned. 28 U.S.C. § 455(a). Additionally, a judge shall be disqualified under 28 U.S.C. § 455(b) based upon personal biases, prior representation, financial interests, and familial relationships. 28 U.S.C. § 455(b)(1)-(5).

There are no grounds warranting disqualification under Section 455(b) at this time. From 2001 to 2016, the undersigned practiced at Munley Law, P.C. with my uncle and first cousins. In 2016, I departed the firm. At the time of the communication between Defendant Ewideh and Munley Law, P.C. in 2022, I was serving as a state court judge in the Lackawanna County Court of Common Pleas, 45th Judicial District of Pennsylvania, far removed from case intake and legal consultations. The court is not obligated to recuse based on the mere fact that Defendant Ewideh ostensibly sought representation by a former law firm of the undersigned. Defendants have not been represented by Munley Law, P.C. in these proceedings or in any other matters before the court. Accordingly, the motion to disqualify will be denied based on a former firm's attenuated connection to Defendant Ewideh. See 28 U.S.C. § 455(b)(2) (requiring disqualification by a judge when "a lawyer with whom [s]he previously practiced law served during such association as a lawyer concerning the matter"), §

455(b)(5)(ii) (requiring disqualification by a judge when a person within the third degree of relationship is "acting as a lawyer in the proceeding").

Defendants also seek recusal based upon the court's rulings. "The test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." In re Kensington Int'l Ltd., 353 F.3d 211, 220 (3d Cir. 2003) (citation omitted). "[T]here is as much obligation upon a judge not to recuse herself when there is no occasion to do so as there is for her to recuse when there is." Svindland v. Nemours Found., 2009 WL 2603183, at *2 (E.D. Pa. Aug. 21, 2009)(citations omitted). "[A] party's displeasure with legal rulings does not form an adequate basis for recusal." Securacomm Consulting, Inc. v. Securacom, Inc., 224 F.3d 273, 278 (3d Cir. 2000). Moreover, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555 (1994). The undersigned sees absolutely no basis for recusal in either of the matters involving defendants. Rather, the motion for disqualification is clearly an

attempt to delay matters even more. Finding no objective or subjective bases requiring disqualification, defendants' motion will be denied.

### 2. Motion to Set Aside Default Judgment

Next, the court turns to defendant's motion to set aside the default judgment. (Doc. 281). Defendants filed the motion one (1) day after both the entry of judgment and the notices of appeal were docketed. The motion also alleges legal error. The court thus construes this motion as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e).[4]

"A proper Rule 59(e) motion. . .must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). Defendants' motion proceeds under the third ground.

As detailed in the prior memorandum based on defendants' failure to file specific objections to the R&Rs, the court applied a clearly unjust or manifest

---

[4] See Banister v. Davis, 590 U.S. 504, 508 (2020)(explaining that Rule 59(e) gives a district court the chance to rectify its own mistakes in the period immediately following its decision and that federal courts generally have used Rule 59(e) only to reconsider matters properly encompassed in a decision on the merits)(further citation omitted).

error standard when reviewing the magistrate judge's recommendation to enter default judgment. (Doc. 175 at p. 6-7). The court reviewed the magistrate judge's analysis in accordance with Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984). (Doc. 175 at p. 10-15). The Poulis factors warranted the entry of default judgment as a sanction against defendants for defaults of numerous case management deadlines imposed by the magistrate judge, unexcused delay in answering the complaint as ordered, a refusal to answer discovery or appear for depositions as ordered, and persistent efforts to harass and threaten plaintiff's counsel despite orders to cease such conduct immediately. Defendants' vexatious and dilatory conduct culminated with their failure to appear before the magistrate judge at a sanctions hearing after repeated, unsubstantiated efforts to continue the matter. The reasons proffered by defendants for their absence do not pass muster.

In their post-decision motion, defendants argue that the court did not properly consider their affirmative defenses or consider lesser sanctions in adopting the magistrate judge's three (3) R&Rs and entering default judgment as a sanction. The court will address these issues *seriatim*.

### a. Meritoriousness of Defenses

The sixth Poulis factor requires a determination of whether a claim or defense has merit. See Hildebrand v. Allegheny Cnty., 923 F.3d 128, 137 (3d Cir. 2019). "The showing of a meritorious defense is accomplished when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'" United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984) (quoting Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 244 (3d Cir.1951) (further citation omitted).

Defendants' belated pleading and their approach to this litigation make it impossible to assess whether they have any meritorious defenses. Plaintiff's complaint contains detailed factual allegations about the two insurance claims, plaintiff's payments toward those claims, defendants' conduct during further claims investigation, and defendants' failures to comply with the policy terms. (Doc. 1). As ultimately filed, defendants' answer admits their names, addresses, and state citizenship. (Compare Doc. 1, Complaint, ¶¶ 3-4 to Doc. 147, Answer, ¶¶ 3-4). The answer further admits allegations about the insurance policy in part. (Compare Doc. 1, Complaint, ¶¶ 12-14 to Doc. 147, Answer, ¶¶ 12-14). Otherwise, the answer contains blanket denials and no additional averments. Defendants essentially deny allegations that they made insurance claims in the

first place and received some payments for these claims.  To the extent that defendants raised affirmative defenses with their answer, the court requires more than conclusory statements or the filing of documentary exhibits without further explanation.

Further review of this matter reflects that, defendants previously filed a motion to dismiss and a motion to dismiss/motion for summary judgment. Defendants' first motion to dismiss advanced the failure to join a necessary and indispensable party, the mortgage company providing financing for defendants' home. (Docs. 18, 38).  The magistrate judge issued an R&R recommending that the motion be denied. (Doc. 41).  Magistrate Judge Carlson also noted "defendants have asserted the alleged indispensability of the mortgagee as a party as a shield in an effort to defeat [plaintiff's] efforts to adjudicate their compliance with the terms of the insurance policy." (Id. at 10).  He also noted that the motion was really an effort to stave off merits litigation in the case. (Id.)

While the R&R was pending before United States District Judge Christopher C. Conner, defendants filed a motion to stay asserting that plaintiff's counsel was intimidating an investigator from the Pennsylvania Insurance Department.  (Doc. 51).  Defendants also requested to file "a new motion to dismiss on all grounds[.]" (Id.)  Defendants' arguments failed to persuade Judge

Conner. He adopted the R&R. (Doc. 53). Furthermore, Judge Conner permitted defendants to address their new arguments in a motion for judgment on the pleadings or a motion for summary judgment. (Id.) Additionally, Judge Conner permitted defendants to renew their motion to dismiss only to the extent "defendants believe the court lacks jurisdiction on a ground other than that raised in their current motion[.]" (Id.)

Defendants then filed the second motion to dismiss/motion for summary judgment. (Doc. 67). This motion raised issues of fact and the magistrate judge properly treated the motion as a motion for summary judgment under Rule 56. (See Doc. 74). Due to the contentious course of the litigation, the magistrate judge also called an in-person conference to address discovery concerns. (Id.) Notwithstanding defendants' efforts to prevent that conference, the magistrate judge brought the parties together and set forth detailed deadlines for defendants to answer the complaint, provide discovery, and get this matter on track for a merits-based determination. (Doc. 107). Defendants' vexatious conduct since that conference and indignance toward the magistrate judge's orders prevented that from occurring. With such an aversion to a process designed to allow for the orderly disposition of the parties' claims and defenses, the court concludes that the defenses in this case must lack merit.

### b. Alternative Sanctions

Defendants argue that the court should have considered alternative sanctions in the form of a jury instruction. Based on the posture of this case, this matter could not proceed to trial on the merits due to defendants' conduct in discovery. Additionally, although not explicit in the prior memorandum, the court considered all alternative sanctions and found, based on defendants' extensive litigation misconduct, that no lesser sanction would properly reflect the seriousness of defendants' actions and inactions in this matter. (See e.g. Doc. 207). Accordingly, defendants' motion to set aside default judgment will be denied.

### Conclusion

For the reasons set forth above, defendants' motion for reassignment, (Doc. 279), and motion to set aside default judgment, (Doc. 281), are denied.

Date: 5/2/24

JUDGE JULIA K. MUNLEY
United States District Court